# H | T | F | L

## HUNTER TAUBMAN FISCHER & LI LLC

### NEW YORK    WASHINGTON, D.C.    MIAMI

JENNY JOHNSON-SARDELLA, ESQUIRE                                      E-MAIL: JSARDELLA@HTFLAWYERS.COM
(ADMITTED CA, NY, DC, AND FL)

April 10, 2026

**Via CM/ECF**

Honorable Henry J. Ricardo
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> **Re:    *Atul Shah, et al. v. China Liberal Education Holdings Ltd.***
> **Case No. 1:26-cv-00823-GHW**

Dear Judge Ricardo:

Our office represents Defendant China Liberal Education Holdings Ltd. ("China Liberal"). Pursuant to Rule II(A) of Your Honor's *Individual Rules and Practice in Civil Cases*, China Liberal submits this letter in in opposition to Plaintiffs' Letter Motion ("Letter Motion") requesting a pre-motion conference in connection with their anticipated Motion for Alternative Service (Docket Entry ("D.E.") 43).

## BACKGROUND

On approximately March 15, 2026, Plaintiffs filed multiple documents purporting to evidence service of process on individual defendants Wangdong Chen, Fangzhong Sun, Ngo Tin Tsang, Wenhui Zhuang, Xinyu Deng, Ngai Ngai Lam, and Xiaonan Liu (collectively, the "Individual Defendants") through Cogency Global Inc. ("Cogency"). Cogency did not accept service of process, stating that it did not have authority to accept service on behalf of the Individual Defendants. Plaintiffs later agreed to withdraw the previously-filed affidavits of service. During conferences regarding the withdrawal of the affidavits of service, counsel for Plaintiffs requested that China Liberal accept service on behalf of the Individual Defendants, and counsel for China Liberal declined to accept such service. Plaintiffs did not request contact information, including mailing or email addresses, for the Individual Defendants from counsel for China Liberal at any time. Instead, Plaintiffs filed their Letter Motion concerning a Motion for Alternative Service (D.E. 43).

## ARGUMENT

### I.    THE COURT SHOULD NOT PERMIT THE PLAINTIFFS TO SERVE THE INDIVIDUAL DEFENDANTS BY SERVING CHINA LIBERAL'S COUNSEL

"[W]hether to exercise discretion and grant alternative service requires courts to evaluate (1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a

showing that the circumstances are such that the court's intervention is necessary." *Baliga on behalf of Link Motion Inc. v. Link Motion Inc.*, 385 F. Supp. 3d 212, 220 (S.D.N.Y. 2019). Courts have found that a plaintiff has reasonably attempted to effectuate service when the plaintiff conducts a "diligent search" to locate the defendant. *See Kelly Toys Holdings, LLC v. Top Dep't Store*, No. 22 CIV. 558 (PAE), 2022 WL 3701216, at *7 (S.D.N.Y. Aug. 26, 2022) (finding reasonable diligence where plaintiff's counsel conducted an online search, investigated whether addresses revealed were connected to defendants, hired an investigator, "tracked down locations on defendants' shipping labels," and reached out to defense counsel); *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 365-66 (E.D.N.Y. 2016) (noting that the petitioner demonstrated impracticability of traditional service when the petitioner sent process servers to two of defendant's known addresses, spoke with the defendant's sister about the defendant's whereabouts, and hired a private investigator to locate the defendant); *Rampersad v. Deutsche Bank Sec., Inc.*, No. 02CIV.7311 (LTS)(AJP), 2003 WL 21073951, at *1 (S.D.N.Y. May 9, 2003) (finding reasonable diligence when the plaintiff conducted "extensive internet searches," inquired with defendant's former clients about the defendant's whereabouts, and coordinated with the SEC). Specifically, performing "basic internet searches" or using "address verification tools" requires "significantly less effort than retaining an investigator on the ground in a foreign country to try to locate [a defendant]" and therefore is insufficient for a finding of impracticability of service. *See Cawthon v. Yoayage*, No. 22-CV-7279 (JHR) (RFT), 2024 WL 622219, at *1 (S.D.N.Y. Feb. 14, 2024).

While courts have discretion to allow alternative service, "[d]istrict courts have not authorized service on a lawyer unless there has been adequate communication between the foreign defendant and the lawyer." *Madu, Edozie, & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 116 (S.D.N.Y. 2010) (citing *Kuklachev v. Gelfman*, No. 08 Civ. 2214, 2008 WL 5068860, at *4 (E.D.N.Y. Nov. 24, 2008) ("prohibiting service on counsel where counsel did not represent defendants and plaintiffs failed to indicate that counsel had 'any particular relationship to defendants that would make him likely to apprise defendants of the action'")); *see also Sec. Exch. Comm'n v. China Ne. Petroleum Holdings Ltd.*, 27 F. Supp. 3d 379, 399 (S.D.N.Y. 2014) (rejecting alternative service through corporate counsel when "there has been no showing that [the corporate defendant]'s counsel is in touch with [the individual defendant], and [the corporate defendant]'s counsel has represented to the Court that he would be unable to deliver the service documents to [the individual defendant]"); *Peifa Xu v. Gridsum Holding Inc.*, No. 18 CIV. 3655 (ER), 2020 WL 1508748, at *14 (S.D.N.Y. Mar. 30, 2020) (denying service through counsel when "[t]he plaintiffs have offered no evidence that [the individual defendant] is in touch with [corporate counsel] at all, and without such evidence the Court cannot be assured that such service will properly notify [the individual defendant]").

Here, Plaintiffs' efforts to locate the Individual Defendants does not rise to the level of a "diligent search." Plaintiffs first attempted to serve the Individual Defendants through China Liberal's registered agent (Cogency), which did not have authority to accept service on behalf of the Individual Defendants. While Plaintiffs argue that they "searched publicly available records to identify mailing addresses" for the Individual Defendants (*see* D.E. 43 at 2), such a "basic internet search" is insufficient on its own to show impracticability of service. *See Cawthon v. Yoayage*, 2024 WL 622219, at *1. Plaintiffs have not shown that they have taken reasonably diligent steps to locate the Individual Defendants, such as speaking with persons who may know of the Individual Defendants' whereabouts, hiring an investigator, or asking defense counsel for addresses. See *Kelly Toys Holdings, LLC v. Top Dep't Store*, 2022 WL 3701216, at *7; *Ferrarese v. Shaw*, 164 F. Supp. 3d at 365-66; *Rampersad v. Deutsche Bank Sec., Inc.*, 2003 WL 21073951, at *1. Because Plaintiffs have not shown impracticability of traditional

service, this Court should not permit Plaintiffs to serve the Individual Defendants by alternative means.

Additionally, Plaintiffs' caselaw supporting their position that they should be permitted to serve the individual defendants through alternative service on China Liberal's counsel largely originates from federal district courts in California, wherein the courts did not apply the "adequate communication" test. *See Madu, Edozie, & Madu*, 265 F.R.D. at 116; *Kuklachev*, 2008 WL 5068860, at *4; *China Ne. Petroleum Holdings Ltd.*, 27 F. Supp. 3d at 399; *Peifa Xu*, 2020 WL 1508748, at *14. Since Plaintiffs have not shown adequate communication and that serving counsel for China Liberal will properly notify the Individual Defendants of the suit, this Court should not permit Plaintiffs to serve the Individual Defendants by serving counsel for China Liberal.

## CONCLUSION

For the reasons set forth above, China Liberal respectfully requests that the Court denies Plaintiffs' request to serve the Individual Defendants by alternative means.

Respectfully submitted,

Jenny Johnson-Sardella