**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Case No.: 1:26-cv-00823

ATUL SHAH, AMITA SHAH, SHAILENDRA
PRASAD, JOSHUA BOUCK, SHENWEI ZHAO, and
ADAM SPRING, individually on behalf of themselves
and all others similarly situated,

                        Plaintiffs,

v.

CHINA LIBERAL EDUCATION HOLDINGS LTD.,
NGAI NGAI LAM, WENHUAI ZHUANG,
FANGZHONG SUN, NGO YIN TSANG,
WANDONG CHEN, XIAONAN LIU, XINYU DENG,
TRANSHARE CORPORATION, ASCENT
INVESTOR RELATIONS LLC, TINA XIAO, EVER
ALPHA GLOBAL LIMITED, LIM XIANG JIE
CEDRIC, MING-SHEN CHENG, KING SUNG
WONG, KO SEN CHAI, SIONG WEE VUN, CHIEN
LUNG MA, KOK WAH WONG, and YAN ZHAO,

                        Defendants.
_____/

**DEFENDANT CHINA LIBERAL EDUCATION HOLDINGS LTD.'S ANSWER TO
DEFENDANT TRANSHARE CORPORATION'S AMENDED CROSSCLAIMS**

Defendant China Liberal Education Holdings Ltd. ("China Liberal"), by and through its

undersigned counsel, hereby submits this Answer to Defendant Transhare Corporation

("Transhare")'s Amended Crossclaims.  Any allegations not specifically admitted herein are

denied.

**ANSWER TO PRELIMINARY STATEMENT**

1.      China Liberal is without sufficient knowledge or information upon which to form

a belief as to the truth of the allegations set forth in paragraph 1, and therefore denies the same and

leaves Transhare to its proof.

1

2.      China Liberal is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 2, and therefore denies the same and leaves Transhare to its proof.

3.      China Liberal is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 3, and therefore denies the same and leaves Transhare to its proof.

4.      The allegations set forth in paragraph 4 contain Transhare's statement of the case and legal arguments, and therefore do not require a response from China Liberal.  In the alternative China Liberal denies the same, and leaves Transhare to its proof.

5.      The allegations set forth in paragraph 5 are legal conclusions and therefore do not require a response from China Liberal.  In the alternative, China Liberal denies the same and leaves Transhare to its proof.

6.      The Complaint speaks for itself. To the extent the allegations set forth in paragraph 6 are inconsistent with the Complaint, China Liberal denies the same and leaves Transhare to its proof.  China Liberal is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations set forth in paragraph 6, and therefore denies the same and leaves Transhare to its proof.

7.      The Complaint speaks for itself. To the extent the allegations set forth in paragraph 7 are inconsistent with the Complaint, China Liberal denies the same and leaves Transhare to its proof.  China Liberal is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations set forth in paragraph 7, and therefore denies the same and leaves Transhare to its proof.

8.      The Complaint speaks for itself. To the extent the allegations set forth in paragraph 8 are inconsistent with the Complaint, China Liberal denies the same and leaves Transhare to its proof.  China Liberal is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations set forth in paragraph 8, and therefore denies the same and leaves Transhare to its proof.

9.      The Complaint speaks for itself. To the extent the allegations set forth in paragraph 9 are inconsistent with the Complaint, China Liberal denies the same and leaves Transhare to its proof.  China Liberal is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations set forth in paragraph 9, and therefore denies the same and leaves Transhare to its proof.

## ANSWER TO STATEMENT OF FACTS

10.      The Transfer Agent Agreement speaks for itself. To the extent the allegations set forth in paragraph 10 are inconsistent with the Transfer Agent Agreement, China Liberal denies the same and leaves Transhare to its proof.

11.      To the extent Transhare's work on behalf of China Liberal is set forth in the Transfer Agent Agreement, the Transfer Agent Agreement speaks for itself. To the extent the allegations set forth in paragraph 11 are inconsistent with the Transfer Agent Agreement, China Liberal denies the same and leaves Transhare to its proof.

12.      The allegations set forth in paragraph 12 contain Transhare's statement of the case and legal arguments, and therefore do not require a response from China Liberal.  In the alternative China Liberal denies the same, and leaves Transhare to its proof.

3

13. The allegations set forth in paragraph 13 contain Transhare's statement of the case and legal arguments, and therefore do not require a response from China Liberal. In the alternative China Liberal denies the same, and leaves Transhare to its proof.

14. Based on the allegations set forth in the Complaint in this matter, China Liberal is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 14, and therefore denies the same and leaves Transhare to its proof.

15. The allegations set forth in paragraph 15 contain Transhare's statement of the case and legal arguments, and therefore do not require a response from China Liberal. In the alternative China Liberal denies the same, and leaves Transhare to its proof.

16. China Liberal is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 16, and therefore denies the same and leaves Transhare to its proof.

17. China Liberal is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 17, and therefore denies the same and leaves Transhare to its proof.

18. China Liberal admits the allegations set forth in paragraph 18.

19. The allegations set forth in paragraph 19 contain Transhare's statement of the case and legal arguments, and therefore do not require a response from China Liberal. In the alternative China Liberal denies the same, and leaves Transhare to its proof.

20. The allegations set forth in paragraph 20 contain Transhare's statement of the case and legal arguments, and therefore do not require a response from China Liberal. In the alternative China Liberal denies the same, and leaves Transhare to its proof.

21.     The Transfer Agent Agreement speaks for itself. To the extent the allegations set forth in paragraph 21 are inconsistent with the Transfer Agent Agreement, China Liberal denies the same and leaves Transhare to its proof.

22.     China Liberal is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 22, and therefore denies the same and leaves Transhare to its proof.

23.     The allegations set forth in paragraph 23 are legal conclusions and therefore do not require a response from China Liberal.  In the alternative, China Liberal denies the same and leaves Transhare to its proof.

### ANSWER TO COUNT I: COMMON LAW INDEMNIFICATION

24.     China Liberal repeats its responses to paragraphs 1 through 23 above as if fully set forth herein.

25.     The allegations set forth in paragraph 25 contain Transhare's statement of the case and legal arguments, and therefore do not require a response from China Liberal.  In the alternative China Liberal denies the same, and leaves Transhare to its proof.

26.     The allegations set forth in paragraph 26 are legal conclusions and therefore do not require a response from China Liberal.  In the alternative, China Liberal denies the same and leaves Transhare to its proof.

27.     China Liberal is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 27, and therefore denies the same and leaves Transhare to its proof.

28.    The allegations set forth in paragraph 28 are legal conclusions and therefore do not require a response from China Liberal.  In the alternative, China Liberal denies the same and leaves Transhare to its proof.

29.    China Liberal is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 29, and therefore denies the same and leaves Transhare to its proof.

30.    China Liberal is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 30, and therefore denies the same and leaves Transhare to its proof.

31.    The allegations set forth in paragraph 31 are legal conclusions and therefore do not require a response from China Liberal.  In the alternative, China Liberal denies the same and leaves Transhare to its proof.

32.    The allegations set forth in paragraph 32 are legal conclusions and therefore do not require a response from China Liberal.  In the alternative, China Liberal denies the same and leaves Transhare to its proof.

### ANSWER TO COUNT II: CONTRACTUAL INDEMNIFICATION

33.    China Liberal repeats its responses to paragraphs 1 through 32 above as if fully set forth herein.

34.    The allegations set forth in paragraph 34 are legal conclusions and therefore do not require a response from China Liberal.  In the alternative, China Liberal denies the same and leaves Transhare to its proof.

35.     The Transfer Agent Agreement speaks for itself. To the extent the allegations set forth in paragraph 35 are inconsistent with the Transfer Agent Agreement, China Liberal denies the same and leaves Transhare to its proof.

36.     The allegations set forth in paragraph 36 contain Transhare's statement of the case and legal arguments, and therefore do not require a response from China Liberal.  In the alternative China Liberal denies the same, and leaves Transhare to its proof.

### ANSWER TO COUNT III: BREACH OF CONTRACT

37.     China Liberal repeats is responses to paragraphs 1 through 36 above as if fully set forth herein.

38.     The Transfer Agent Agreement speaks for itself. To the extent the allegations set forth in paragraph 38 are inconsistent with the Transfer Agent Agreement, China Liberal denies the same and leaves Transhare to its proof.

39.     The Transfer Agent Agreement speaks for itself. To the extent the allegations set forth in paragraph 39 are inconsistent with the Transfer Agent Agreement, China Liberal denies the same and leaves Transhare to its proof.

40.     The Transfer Agent Agreement speaks for itself. To the extent the allegations set forth in paragraph 40 are inconsistent with the Transfer Agent Agreement, China Liberal denies the same and leaves Transhare to its proof.

41.     The March 2, 2026, demand speaks for itself. To the extent the allegations set forth in paragraph 41 are inconsistent with the March 2, 2026, demand, China Liberal denies the same and leaves Transhare to its proof.

42.    The March 2, 2026, demand speaks for itself. To the extent the allegations set forth in paragraph 42 are inconsistent with the March 2, 2026, demand, China Liberal denies the same and leaves Transhare to its proof.

43.    China Liberal admits that it did not respond to the indemnification demand by March 9, 2026.

44.    China Liberal admits that it filed its motion to dismiss on March 24, 2026.  The March 24, 2026, motion to dismiss speaks for itself. To the extent the allegations set forth in paragraph 44 are inconsistent with the March 26, 2026, motion to dismiss, China Liberal denies the same and leaves Transhare to its proof.

45.    The allegations set forth in paragraph 45 are legal conclusions and therefore do not require a response from China Liberal.  In the alternative, China Liberal denies the same and leaves Transhare to its proof.

46.    The allegations set forth in paragraph 46 are legal conclusions and therefore do not require a response from China Liberal.  In the alternative, China Liberal denies the same and leaves Transhare to its proof.

47.    The March 2, 2026, demand speaks for itself. To the extent the allegations set forth in paragraph 47 are inconsistent with the March 2, 2026, demand, China Liberal denies the same and leaves Transhare to its proof.

48.    The allegations set forth in paragraph 48 are legal conclusions and therefore do not require a response from China Liberal.  In the alternative, China Liberal denies the same and leaves Transhare to its proof.

49.     The allegations set forth in paragraph 49 are legal conclusions and therefore do not require a response from China Liberal.  In the alternative, China Liberal denies the same and leaves Transhare to its proof.

## AFFIRMATIVE DEFENSES

For its affirmative defenses and avoidances to the Crossclaims, Defendant China Liberal respectfully alleges as follows:

### First Affirmative Defense

Pursuant to Rule 12(b)(6), the Crossclaims fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

Transhare's Crossclaims are barred, in whole or in part, because Transhare failed to mitigate its damages.

### Third Affirmative Defense

Transhare's Crossclaims are barred, in whole or in part, because Plaintiffs and Transhare were comparatively negligent about the matters alleged in the Complaint and said negligence was the proximate or legal cause of Plaintiffs' and Transhare's injuries, if any.

### Fourth Affirmative Defense

Transhare's demand for payment is premature, because any determination of indemnification amounts owed is not proper until after an adjudication on the merits of the Plaintiffs' case.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38, Defendant China Liberal hereby demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, China Liberal prays for judgment in its favor and against Transhare as follows:

A.    That Transhare takes nothing by reason of its crossclaims and that all claims for relief against China Liberal be dismissed with prejudice;

B.    That China Liberal be awarded its costs of suit incurred in defense of this action; and

C.    For such other relief as the Court deems proper.


**DATED:**    April 30, 2026
Miami, Florida

Respectfully submitted,

*/s/ Jenny Johnson-Sardella*
Mark David Hunter, Esquire
New York Bar No. 4017331
Jenny Johnson-Sardella, Esquire
New York Bar No. 4225850
Hunter Taubman Fischer & Li LLC
848 Brickell Avenue, Suite 200
Miami, Florida 33131
Tel:    (305) 629-1180
Fax:    (305) 629-8099
E-mail: mhunter@htflawyers.com
            jsardella@htflawyers.com

10

## <u>CERTIFICATE OF SERVICE</u>

I, Jenny Johnson-Sardella, do hereby certify that on April 30, 2026, a true and correct copy of the foregoing document was electronically filed and served.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Jenny Johnson-Sardella*
Jenny Johnson-Sardella