USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 8/10/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ATUL SHAH, ET AL.,

Plaintiffs,

-v-

CHINA LIBERAL EDUCATION HOLDINGS LTD., ET AL.,

Defendants.

**ORDER**

26-CV-823 (GHW) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

The Court is in receipt of Defendant China Liberal Education Holdings Ltd.'s ("China Liberal") letter, ECF No. 105 (the "Letter"), and Plaintiffs' response, ECF No. 106. For the reasons set forth below, the undersigned finds that China Liberal has waived the objection to alternative service that it raises in the Letter, and the stay of discovery imposed by the Private Securities Litigation Reform Act ("PSLRA") is lifted for a limited purpose.

Plaintiffs filed two motions for alternative service. *See* ECF Nos. 43, 78. China Liberal's opposition to the first motion, ECF No. 65, argued that Plaintiffs' effort to locate the individual officers and directors was not sufficiently diligent. The motion was denied without prejudice to renewal for failure to demonstrate what role the individual officers and directors played at China Liberal. ECF No. 70. Plaintiffs' second motion, ECF No. 78, provided the factual information that was missing from the first motion, asserting that, with one exception, all of the individual defendants are current officers or directors at China

Liberal. Although China Liberal opposed the renewed motion, it never denied Plaintiffs' factual assertion that, except for Xinyu Deng, all of the individuals that were the subject of the motion were current officers or directors. ECF No. 87. To state the obvious, these are facts that China Liberal would know. Instead, China Liberal argued, once again, that Plaintiff had not conducted a diligent search and asserted that "counsel" for China Liberal has not been in contact with these individuals. There was no argument that China Liberal itself was not in contact with these individuals or could not otherwise find them. The motion was granted. ECF No. 89.

After the motion was granted and after Plaintiffs attempted to complete service by the alternative means that the Court authorized, China Liberal filed the Letter asserting that "it does not possess the means to forward notice to Wangdong Chen, Fangzhong Sun, Wenhui Zhuang, and Xiaonan Liu, Ngo Tin Tsang, and Xinyu Deng." It further claims that "Defendant Xinyu Deng resigned on August 22, 2024; Defendants Wenhui Zhuang, Wandong Chen, Xiaonan Liu, and Fangzhong Sun resigned on July 15, 2025, July 21, 2025, July 22, 2025, and July 23, 2025, respectively; and Defendant Ngo Tin Tsang resigned in October 2025."

These untimely objections to alternative service, which are based on information that would have been known by China Liberal some five months before Plaintiffs first moved for alternative service, are waived and any suggestion that they undermine the existing order authorizing alternative service is rejected. Further, the stay of discovery imposed by the PSLRA is hereby lifted for

the limited purpose of obtaining discovery from China Liberal concerning the whereabouts of these individual defendants in the interest of providing them actual notice of this lawsuit. This discovery may include communications with these individuals from some reasonable time before their alleged resignations through the present, as well as Rule 30(b)(6) deposition testimony regarding what efforts China Liberal has made to find these individual defendants and the means available to China Liberal to find them now.

The parties are directed to file a joint letter providing an update on this matter by **October 26, 2026**.

**SO ORDERED.**

Dated: August 10, 2026
New York, New York

Henry J. Ricardo
United States Magistrate Judge