SCOTT + SCOTT

JOHN JASNOCH

SAN DIEGO

+ Via ECF +

November 13, 2026

Hon. Henry J. Ricardo
United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Shah v. China Liberal Education Holdings Ltd.*, No. 1:26-cv-00823-GHW-HJR

Dear Judge Ricardo:

Plaintiffs respectfully submit this letter-motion under Local Civil Rule 37.2, Federal Rule of Civil Procedure 37(a), and Rule II.B.1 of Your Honor's Individual Rules and Practices to compel Defendant China Liberal Education Holdings Ltd. ("China Liberal") to provide the discovery authorized by the Court's August 10, 2026 Order (ECF No. 110) (the "Order"), and to further lift the PSLRA stay. Plaintiffs request a conference or, if the Court prefers, a ruling on the letters.

## I. Background

The Order lifted the PSLRA stay to permit discovery from China Liberal concerning the whereabouts of six Individual Defendants, including its communications with them "from some reasonable time before their alleged resignations through the present" and Rule 30(b)(6) testimony on "what efforts China Liberal has made to find these individual defendants and the means available to China Liberal to find them now." (Order at 3.) On August 19, 2026, Plaintiffs served six interrogatories, 21 document requests, and a Rule 30(b)(6) deposition notice. (Ex. A.) China Liberal's September 18, 2026 responses answered no interrogatory and produced no document. (Exs. B, C.) Instead, every response consisted solely of PRC-law and scope objections.

Plaintiffs sought to confer the day the responses were served and again on September 24, 2026. China Liberal offered no time before September 30, 2026, cancelled that call as it was set to begin, and stood on its objections when the parties finally conferred on October 2, 2026. It also never objected to the deposition notice, moved to quash, or moved for a protective order. Instead, on October 14, 2026, the eve of the deposition, China Liberal refused to participate, claiming that its potential designees lack U.S. visas. China Liberal also asked that the notice be withdrawn and represented that counsel would "provide dates early next week for a rescheduled deposition. (Ex. D.) Plaintiffs agreed to proceed remotely and withdrew the notice in reliance on those representations. No new dates have been provided.

In the October 26, 2026 joint letter, China Liberal offered a new excuse for its failure to provide any of the discovery authorized by the Order: since its August 2025 delisting, it operates only through a mainland subsidiary; it "has not located records responsive to the Order"; "its records . . . are maintained in the PRC"; and it has no personnel suitable to testify but is "recruiting replacement personnel." (ECF No. 126). This was all news to Plaintiffs. It also does not explain why none of the interrogatories have been answered and it raises serious concerns that other relevant evidence has been lost or destroyed. The parties conferred again on October 29, 2026, three days after the filing of the joint letter. At that conference, Plaintiffs declared an impasse, but in the interest of compromise gave China Liberal until November 5, 2026, to withdraw its objections, produce documents, and set a deposition date. (Ex. E.) It did none of those things.

## II. China Liberal Should Be Compelled to Disclose How to Find Its Former Executives

**Plaintiffs Seek Basic Information That China Liberal Must Have.** Plaintiffs ask for the contact information China Liberal has for the six former officers and directors who ran it, its communications with them, and what efforts have been done to find them. The Court authorized exactly this discovery (Order at 2) and China Liberal's scope objections (Request Nos. 4, 19; Interrogatory Nos. 2, 4) ignore the Order's text. It is implausible that China Liberal has no contact information for the people who ran it and never communicated with them. Indeed, China Liberal's verified responses do not say it lacks that information; they say PRC law forbids disclosing it, which presupposes that China Liberal has it. Likewise, the Court has already noted that China Liberal never argued that it "was not in contact with these individuals or could not otherwise find them" until after the Court entered an order authorizing Plaintiffs to serve documents on the individual defendants through China Liberal's counsel and registered agent. (Order at 2.) China Liberal "must furnish the information available to the party." Fed. R. Civ. P. 33(b)(1)(B).

**China Liberal's Reasons for Withholding This Information Fail.** First, its threadbare justifications for providing none of the discovery authorized by the Order change nothing. Documents within China Liberal's "possession, custody, or control" include records held by its Cayman registered office, U.S. registered agent, and transfer agent. Fed. R. Civ. P. 34(a)(1); *see* 2023 Form 20-F, Items 4.A, 10.B. And a Rule 30(b)(6) designee "must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). Recruiting "replacement personnel" does not satisfy an unchallenged notice and the purported need to do so is specious in view of the fact that China Liberal's CEO, Ngai Ngai Lam, remains employed by the Company and (belatedly) signed the verification of its interrogatory responses.

Second, foreign law does not "deprive an American court of the power to order a party subject to its jurisdiction to produce evidence." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct.*, 482 U.S. 522, 544 n.29 (1987). China Liberal must show with particularity that PRC law bars the specific production sought. *Owen v. Elastos Found.*, 343 F.R.D. 268, 281 (S.D.N.Y. 2023). Chinese law "does not reach documents and data stored outside of China." *Id.* at 285.

China Liberal has not come close. It offers no declaration and identifies no document or category of data stored in China. Its new contention that even its Cayman records are covered because "the underlying information originates from and is maintained within the PRC" (ECF No. 126) is contradicted by its statement to the SEC that its key records "are located and maintained

outside the PRC." 2023 Form 20-F, Item 10.E. It's also wrong as a matter of law. The comity factors also favor production: the United States has a strong interest in enforcing its securities laws against an issuer that raised capital here; the Hague Convention is "not a viable alternative" in China, *Owen*, 343 F.R.D. at 287; and China Liberal identifies no objection by any PRC authority. *See Laydon v. Mizuho Bank, Ltd.*, 183 F. Supp. 3d 409, 424 (S.D.N.Y. 2016). Court-authorized discovery must be provided absent a valid basis for withholding it, and China Liberal has offered only pretext and delay. In essence, China Liberal seeks to take advantage of the United States capital markets by listing its securities on the NASDAQ—a precondition of which is consenting to jurisdiction of the U.S. Courts for any securities-related claims—but it now seeks to neuter the Court's jurisdiction and to shield its directors and officers from accountability by refusing to provide even the most basic discovery.

## III. The PSLRA Stay Should Be Further Lifted

The PSLRA stays discovery "during the pendency of any motion to dismiss, unless the court finds" that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice." 15 U.S.C. §§77z-1(b)(1), 78u-4(b)(3)(B). The exception fits these circumstances, as China Liberal has admitted: "[e]very administrative employee of the formerly listed Company has left," and "none of its current personnel has knowledge or recollection of the information sought." (ECF No. 126.) Indeed, it claims it cannot find basic contact information for the individuals who ran it, and it has not explained what steps it has taken to locate that information. If that information cannot be found, it raises serious questions about what else might have been lost or destroyed notwithstanding the PSLRA's preservation requirements. *See* 15 U.S.C. §§77z-1(b)(2), 78u-4(b)(3)(C). This is precisely the kind of prejudice to Plaintiffs that warrants lifting the PSLRA stay so that additional discovery can be taken and preserved now, before it is lost forever. If China Liberal does not have this information (an assertion Plaintiffs find dubious, at best), the remaining sources of contact information are third parties and the other Defendants and Plaintiffs should be permitted to seek discovery from these parties as well.

* * *

For these reasons, Plaintiffs respectfully request that the Court:

(1) overrule China Liberal's objections to Plaintiffs' interrogatories and document requests;

(2) order China Liberal, within 14 days, to serve complete, verified answers to Interrogatory Nos. 1 through 6, including all contact information it has for each Individual Defendant,

(3) Order China Liberal withing 14 days to produce all documents responsive to Plaintiffs' requests for production;

(4) order China Liberal to produce a prepared Rule 30(b)(6) designee, remotely if necessary, within 14 days after the interrogatory responses and productions have been completed;

(5) further lift the PSLRA stay to permit particularized discovery from the other

Defendants and from third parties with knowledge of the Individual Defendants' whereabouts or of the fraud alleged in the Amended Complaint; and

(6) award Plaintiffs their reasonable expenses, including attorneys' fees, incurred in making this motion. Fed. R. Civ. P. 37(a)(5)(A).[1]

Respectfully submitted,

/s/ John T. Jasnoch
John T. Jasnoch (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel: (619) 233-4565
jjasnoch@scott-scott.com

Andrew W. Robertson
**MORRIS KANDINOV LLP**
305 Broadway, 7th Floor
New York, NY 10007
Tel: (212) 431-7473
andrew@moka.law

*Co-Lead Counsel for Plaintiffs*

cc: All counsel of record (by ECF)

[1] **Rule II.B.1 Certification.** Counsel conferred in good faith by telephone on October 2, 2026 (1:00 p.m., about 10 minutes), October 29, 2026 (1:00 p.m. ET, about 10 minutes), and November 9, 2026 (2:30 p.m. ET, about 30 minutes). John Jasnoch and Andrew Robertson participated for Plaintiffs, and Jenny Johnson-Sardella participated for China Liberal. On October 29, 2026, and again on November 9, 2026, Plaintiffs advised that the parties were at an impasse and that they would seek the Court's intervention.

## CERTIFICATION REGARDING USE OF ARTIFICIAL INTELLIGENCE

Pursuant to Rule II.N of the Individual Rules and Practices for Civil Cases of the Honorable Henry J. Ricardo, I hereby certify that artificial intelligence ("AI") tools based on Anthropic's Claude platform were used in preparing this letter-motion. The tools were used to prepare initial drafts of the letter-motion from counsel's instructions and the underlying record materials, and to propose edits for length. I personally reviewed this letter-motion for the accuracy of the cited legal authorities and factual assertions. To verify the accuracy of all legal authorities and factual assertions generated by the tools, I compared each factual assertion concerning Plaintiffs' discovery requests, China Liberal's responses and objections, and the parties' meet-and-confer communications against the underlying discovery papers and correspondence, including Exhibits A through E; checked each quotation from and citation to the Court's August 10, 2026 Order (ECF No. 110) and the parties' October 26, 2026 joint letter (ECF No. 126) against the filed documents; confirmed the dates, times, durations, and participants of each meet-and-confer conference against my own records; and retrieved and read each cited case, statute, and rule to confirm that it exists, is accurately cited and quoted, and supports the proposition for which it is cited.

Dated: November 13, 2026

*/s/ John T. Jasnoch*
John T. Jasnoch