# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

ATUL SHAH, AMITA SHAH, SHAILENDRA PRASAD, JOSHUA BOUCK, SHENWEI ZHAO, ADAM SPRING, PIERRE LOTZOF, and BO KWON, individually on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CHINA LIBERAL EDUCATION HOLDINGS LTD., NGAI NGAI LAM, WENHUAI ZHUANG, FANGZHONG SUN, NGO YIN TSANG, WANDONG CHEN, XIAONAN LIU, XINYU DENG, TRANSHARE CORPORATION, ASCENT INVESTOR RELATIONS LLC, TINA XIAO, EVER ALPHA GLOBAL LIMITED, LIM XIANG JIE CEDRIC, MING-SHEN CHENG, KING SUNG WONG, KO SEN CHAI, SIONG WEE VUN, CHIEN LUNG MA, KOK WAH WONG, YAN ZHAO, and AUDIT ALLIANCE, LLP,

Defendants.

Case No. 26-cv-823-GHW-HJR

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CHINA LIBERAL EDUCATION HOLDINGS LTD.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Court's Order dated August 10, 2026 (ECF No. 110) lifting the discovery stay imposed by the Private Securities Litigation Reform Act ("PSLRA"), Lead Plaintiffs Amita Shah, Pierre Lotzof, Shailendra Prasad, Joshua Bouck, and Bo Kwon, together with additional named Plaintiffs Atul Shah, Adam Spring, and Shenwei Zhao (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby request that Defendant China Liberal Education Holdings Ltd. ("CLEU," "You," or the "Company") produce for inspection and copying the Documents described below, at the offices of Scott+Scott Attorneys at Law LLP, or at such other place and

in such manner as the parties may agree, within 30 days of service, in accordance with the Definitions and Instructions set forth herein.

**DEFINITIONS**

1. "Action" means the above-captioned matter, *Shah v. China Liberal Education Holdings Ltd.*, No. 1:26-cv-00823-GHW-HJR (S.D.N.Y.).

2. "You," "Your," "CLEU," or the "Company" means Defendant China Liberal Education Holdings Ltd. and its present and former parents, subsidiaries, affiliates, predecessors, successors, divisions, and any of its present and former officers, directors, employees, agents, representatives, attorneys, registered agents, transfer agents, insurers, insurance brokers, and any other Person acting or purporting to act on its behalf.

3. "Individual Defendants" or "D&O Defendants" means Ngai Ngai Lam, Wenhuai Zhuang (a/k/a Wenhui Zhuang), Fangzhong Sun, Ngo Yin Tsang (a/k/a Ngo Tin Tsang and Tsang Ngo Yin), Wandong Chen (a/k/a Wangdong Chen), Xiaonan Liu, and Xinyu Deng, and each of them individually.

4. "Contact Information" means any information that could be used to locate, identify, communicate with, or effect service of process upon a Person, including without limitation full legal names and any aliases or transliterations; residential, business, and mailing addresses; telephone, mobile, and facsimile numbers; email addresses; social-media, messaging, and chat identifiers or handles (including WhatsApp, WeChat, Telegram, and X (formerly Twitter)); national identification, passport, or residency-permit numbers; dates and places of birth; and the identity and Contact Information of any spouse, family member, assistant, agent, attorney, or other Person authorized or able to accept or forward communications on the Person's behalf.

5. “Insurance Policy” or “Policy” means any policy, binder, cover note, slip, or contract of insurance under which any Individual Defendant is or was an insured, additional insured, or named insured, or that provides, provided, or may provide coverage for any claim against any Individual Defendant, including, without limitation, any directors’ and officers’ liability (“D&O”), management liability, Side-A/Side-B/Side-C, entity, errors-and-omissions, professional-liability, run-off or “tail,” excess, and reimbursement policy, together with all applications, proposal forms, declarations, endorsements, schedules, riders, binders, and renewals relating thereto.

6. “Insurer” means any Person that issued, underwrote, or administered any Insurance Policy, including any carrier, reinsurer, managing general agent, or claims administrator. “Broker” means any insurance broker, agent, or intermediary that placed, serviced, or renewed any Insurance Policy on Your behalf.

7. “Communication” means any transmission, exchange, or transfer of information in any form (oral, written, electronic, or otherwise) between two or more Persons, including letters, emails, text and chat messages, instant messages, voicemails, and messages on any messaging or social-media platform (including WhatsApp, WeChat, Telegram, and X).

8. “Document” is used in its broadest sense under Rule 34(a) of the Federal Rules of Civil Procedure and includes all writings and electronically stored information (“ESI”) of any kind, together with all metadata and all drafts and non-identical copies, in Your possession, custody, or control.

9. “Person” means any natural person or any business, legal, or governmental entity or association.

10. "Relating to," "concerning," or "reflecting" means, in whole or in part, constituting, containing, embodying, comprising, reflecting, identifying, stating, referring to, dealing with, evidencing, or in any way pertaining to the subject matter.

11. The terms "all," "any," and "each" shall be construed as all and each. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a Request all responses that might otherwise be construed to be outside its scope. The singular includes the plural and vice versa.

12. "Resignation Letters" means the purported letters of resignation, together with the Form 6-K reporting the resignation of Xinyu Deng, that CLEU submitted to the Court as exhibits to its letter dated July 30, 2026 (ECF No. 105), executed or purportedly executed by or on behalf of Xinyu Deng, Wenhuai Zhuang, Fangzhong Sun, Ngo Yin Tsang, Wandong Chen, and Xiaonan Liu, together with any other letter or notice of resignation of any Individual Defendant.

13. "OTC Markets" means OTC Markets Group Inc. and each of its markets, systems, boards, and personnel on or through which CLEU's securities are or were quoted or CLEU makes or made disclosures, including the OTC Disclosure and News Service and the "OTC Markets board" referenced in Defendant Tsang's Resignation Letter.

14. "Cayman Registrar" means the Registrar of Companies of the Cayman Islands, and any Cayman Islands governmental authority, registered office, registered agent, or corporate services provider through or with which CLEU maintains corporate records or makes filings concerning its directors and officers, including the office at Floor 4, Willow House, Cricket Square, Grand Cayman KY1-9010.

## INSTRUCTIONS

1. These Requests call for all responsive Documents in Your possession, custody, or control, including Documents held by Your officers, directors, employees, agents, attorneys, registered agents, transfer agents, Insurers, and Brokers, or otherwise subject to Your access or right to obtain.

2. Unless otherwise specified, the relevant time period for these Requests is January 1, 2024 through the date of production, which the Court's Order recognizes as a reasonable period before the Individual Defendants' alleged resignations through the present (the "Relevant Period"). Documents created before or after the Relevant Period that are necessary to a complete understanding of a responsive Document, or that reflect current Contact Information or whereabouts, should also be produced.

3. Produce Documents as they are kept in the ordinary course of business or organized and labeled to correspond to the categories in these Requests. Produce ESI in its native format with all associated metadata intact, or in a mutually agreeable searchable format, and produce all attachments together with their parent Communications.

4. If any responsive Document is withheld under a claim of privilege or other protection, provide a privilege log in accordance with Rule 26(b)(5) identifying the Document, its date, author, recipients, subject matter, and the basis for withholding, in sufficient detail to permit the parties and the Court to assess the claim.

5. If You object to any Request or portion thereof, state the objection with specificity and produce all Documents responsive to the unobjectionable portion. If no responsive Documents exist for a Request, so state in writing.

6. These Requests are continuing in nature. If, after producing Documents, You obtain or become aware of additional responsive Documents, You must supplement Your production promptly under Rule 26(e).

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:** Documents sufficient to identify any Contact Information You have or have ever had for each Individual Defendant.

**REQUEST FOR PRODUCTION NO. 2:** Documents sufficient to identify Contact Information for any spouse, family member, assistant, agent, attorney, or other Person through whom notice of this Action may be conveyed to, or communications relayed to, any Individual Defendant.

**REQUEST FOR PRODUCTION NO. 3:** Documents sufficient to identify any Contact Information, notice address, or banking or payment-routing information for each Individual Defendant contained in the Company's personnel, human-resources, onboarding, payroll, tax-withholding, or expense-reimbursement files, in any directors' and officers' questionnaire or biographical form, or in any engagement, employment, appointment, indemnification, consulting, or independent-contractor agreement.

**REQUEST FOR PRODUCTION NO. 4:** All Communications between You and any Individual Defendant during the Relevant Period.

**REQUEST FOR PRODUCTION NO. 5:** All Communications with any Person, including any officer, director, employee, agent, attorney, registered agent (Cogency Global, Inc.), transfer agent, or service provider, relating to the location, whereabouts, or Contact Information of any Individual Defendant.

**REQUEST FOR PRODUCTION NO. 6:** All Documents relating to each Resignation Letter and to the resignation, retirement, removal, or departure of each Individual Defendant, including the native electronic file, all metadata, any signature image file, any electronic-signature or audit-trail record, and any email, facsimile, courier, or other transmittal record reflecting when, how, from whom, and from what email account, facsimile number, device, or physical address each such Document was created, executed, transmitted, or received.

**REQUEST FOR PRODUCTION NO. 7:** Documents sufficient to identify any subsequent or current employer, engagement, board seat, office, or business affiliation of any Individual Defendant, including the identity and Contact Information of any such Person or entity (including, as to Xiaonan Liu, Dongkai Assets Management Co., Ltd., CITIC Securities, or any other employer identified in any Company filing).

**REQUEST FOR PRODUCTION NO. 8:** All Documents relating to any release, waiver, severance, settlement, post-resignation compensation, consulting fee, or other payment in connection with any resignation or Resignation Letter (including the release set forth in Defendant Zhuang's Resignation Letter), including any invoice, payment record, or wire instruction reflecting the address, bank, or account to which any such payment was or would be directed, and all Communications with the Individual Defendant concerning the same.

**REQUEST FOR PRODUCTION NO. 9:** All Documents relating to the Company's solicitation, receipt, acceptance, or effectuation of each resignation reflected in a Resignation Letter, including any board resolution, written consent, or minutes, any Communication about who prepared or directed the preparation of any Resignation Letter, and any Communication with the resigning Individual Defendant about the resignation.

**REQUEST FOR PRODUCTION NO. 10:** Documents sufficient to show any notice, filing, notification, or disclosure of any Individual Defendant's resignation, appointment, or departure made or required to be made to OTC Markets (including any notice to the OTC Markets board referenced in Defendant Tsang's Resignation Letter), the Cayman Registrar, the U.S. Securities and Exchange Commission, the Nasdaq Stock Market, the Financial Industry Regulatory Authority, or any other securities exchange, quotation system, or regulator, and all Communications with any such body concerning any Individual Defendant.

**REQUEST FOR PRODUCTION NO. 11:** Documents sufficient to identify any Contact Information for, or the whereabouts of, any Individual Defendant contained in the Company's register of directors and officers, register of members, minute books, or other statutory or corporate records maintained under Cayman Islands law, and Documents sufficient to identify the custodian and location of those records.

**REQUEST FOR PRODUCTION NO. 12:** Documents sufficient to identify any power of attorney, agent for service of process, or authorized representative designated by or for any Individual Defendant in any corporate, regulatory, or securities filing, and any Contact Information associated therewith.

**REQUEST FOR PRODUCTION NO. 13:** Documents sufficient to identify any Contact Information for any Individual Defendant reflected in any record of that Individual Defendant as a shareholder, warrant holder, or record or beneficial holder of the Company's securities, including any transfer-agent (Transhare Corporation) record, stock ledger, or Depository Trust Company record.

**REQUEST FOR PRODUCTION NO. 14:** All Insurance Policies under which any Individual Defendant is or was an insured, additional insured, or named insured, or that provide,

provided, or may provide coverage for any claim against any Individual Defendant, including all D&O, management-liability, Side-A, run-off or "tail," and excess Policies, together with all declarations, applications, endorsements, schedules, and renewals.

**REQUEST FOR PRODUCTION NO. 15:** Documents sufficient to identify any Contact Information for any Individual Defendant contained in any application, proposal form, renewal submission, insured or contact schedule, broker file, or insurance-placement file submitted to, by, or maintained by any Insurer or Broker relating to any Insurance Policy.

**REQUEST FOR PRODUCTION NO. 16:** All Communications between You (or Your Broker) and any Insurer relating to any Individual Defendant, including any Communication identifying, locating, or providing Contact Information for, or reflecting any Insurer's or Broker's knowledge of the subsequent employer, address, or whereabouts of, any Individual Defendant.

**REQUEST FOR PRODUCTION NO. 17:** All notices of claim, notices of circumstance, and tenders submitted to any Insurer relating to this Action; all Documents relating to the advancement, payment, or reimbursement of defense costs or indemnification to or on behalf of any Individual Defendant in connection with this Action; and all Documents relating to the retention of, or Communications with, any counsel engaged (whether by You or by any Insurer) to represent or defend any Individual Defendant in this Action, including any Communication reflecting the address, bank account, or counsel to which any such advancement or payment was or would be directed, or such counsel's authority or ability to accept service on, or forward notice to, any Individual Defendant.

**REQUEST FOR PRODUCTION NO. 18:** All Communications between You (or Your Broker) and any Insurer relating to the resignation, departure, or change of employer of any

Individual Defendant, or to any "change in control," "change in status," "outside directorship," or run-off or "tail" provision triggered by any such event.

**REQUEST FOR PRODUCTION NO. 19:** Documents sufficient to show the efforts You have made, and the means available to You, to locate, identify the whereabouts of, communicate with, or convey notice of this Action to any Individual Defendant, including through Your counsel, Your registered agent (Cogency Global, Inc.), Your Cayman Islands registered office, registered agent, or corporate services provider, Your transfer agent, or any Insurer or Broker.

**REQUEST FOR PRODUCTION NO. 20:** Documents sufficient to identify all custodians and repositories, including email systems, messaging applications, human-resources systems, board-portal or corporate-records systems, and insurance and Broker files, that contain or may contain Contact Information for, or Communications with, any Individual Defendant.

**REQUEST FOR PRODUCTION NO. 21:** Documents sufficient to identify each Individual Defendant's current or most recent residential address, as reflected in any "know your customer" (KYC), anti-money-laundering, client due-diligence, or account-opening record maintained for or concerning that Individual Defendant by the Company or by any registered office, corporate services provider, transfer agent, bank, or broker acting for or on behalf of the Company, including any government-issued identification document and any proof-of-address document (such as a utility bill or bank or brokerage statement).

Dated: August 19, 2026

Respectfully submitted,
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

/s/ John T. Jasnoch
John T. Jasnoch (*pro hac vice*)
Mollie Chadwick (*pro hac vice*)
600 W. Broadway, Suite 3300
San Diego, CA 92101

Tel: (619) 233-4565
jjasnoch@scott-scott.com
mchadwick@scott-scott.com

**MORRIS KANDINOV LLP**
Aaron T. Morris
Andrew W. Robertson
William H. Spruance III
305 Broadway, 7th Floor
New York, NY 10007
Tel: (212) 431-7473
aaron@moka.law
andrew@moka.law
william@moka.law

*Lead Counsel for Plaintiffs*

**POMERANTZ LLP**
Jeremy A. Lieberman
Samantha Daniels
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com sdaniels@pomlaw.com

**HIGHFUL LAW PLLC**
Tyler Highful
5900 Balcones Drive, Suite 100
Austin, TX 78731
(512) 666-7426
tyler@highful.com

*Additional Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2026, I caused the foregoing to be served on counsel of record for all parties via electronic mail using the email addresses maintained on the Court's ECF system.

/s/ John T. Jasnoch
John T. Jasnoch (admitted *pro hac vice*)

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ATUL SHAH, AMITA SHAH, SHAILENDRA PRASAD, JOSHUA BOUCK, SHENWEI ZHAO, ADAM SPRING, PIERRE LOTZOF, and BO KWON, individually on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHINA LIBERAL EDUCATION HOLDINGS LTD., NGAI NGAI LAM, WENHUAI ZHUANG, FANGZHONG SUN, NGO YIN TSANG, WANDONG CHEN, XIAONAN LIU, XINYU DENG, TRANSHARE CORPORATION, ASCENT INVESTOR RELATIONS LLC, TINA XIAO, EVER ALPHA GLOBAL LIMITED, LIM XIANG JIE CEDRIC, MING-SHEN CHENG, KING SUNG WONG, KO SEN CHAI, SIONG WEE VUN, CHIEN LUNG MA, KOK WAH WONG, YAN ZHAO, and AUDIT ALLIANCE, LLP,<br><br>Defendants. | Case No. 26-cv-823-GHW-HJR<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT CHINA LIBERAL EDUCATION HOLDINGS LTD.** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Court's Order dated August 10, 2026 (ECF No. 110) lifting the discovery stay imposed by the Private Securities Litigation Reform Act ("PSLRA"), Lead Plaintiffs Amita Shah, Pierre Lotzof, Shailendra Prasad, Joshua Bouck, and Bo Kwon, together with additional named Plaintiffs Atul Shah, Adam Spring, and Shenwei Zhao (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby propound the following Interrogatories to Defendant China Liberal Education Holdings Ltd. ("CLEU," "You," or the "Company"), to be answered separately and fully in writing and under oath within 30 days of service, in accordance with the Definitions and Instructions set forth herein.

## DEFINITIONS

1. "Action" means the above-captioned matter, *Shah v. China Liberal Education Holdings Ltd.*, No. 1:26-cv-00823-GHW-HJR (S.D.N.Y.).

2. "You," "Your," "CLEU," or the "Company" means Defendant China Liberal Education Holdings Ltd. and its present and former parents, subsidiaries, affiliates, predecessors, successors, divisions, and any of its present and former officers, directors, employees, agents, representatives, attorneys, registered agents, transfer agents, insurers, insurance brokers, and any other Person acting or purporting to act on its behalf.

3. "Individual Defendants" or "D&O Defendants" means Ngai Ngai Lam, Wenhuai Zhuang (a/k/a Wenhui Zhuang), Fangzhong Sun, Ngo Yin Tsang (a/k/a Ngo Tin Tsang and Tsang Ngo Yin), Wandong Chen (a/k/a Wangdong Chen), Xiaonan Liu, and Xinyu Deng, and each of them individually.

4. "Contact Information" means any information that could be used to locate, identify, communicate with, or effect service of process upon a Person, including without limitation full legal names and any aliases or transliterations; residential, business, and mailing addresses; telephone, mobile, and facsimile numbers; email addresses; social-media, messaging, and chat identifiers or handles (including WhatsApp, WeChat, Telegram, and X (formerly Twitter)); national identification, passport, or residency-permit numbers; dates and places of birth; and the identity and Contact Information of any spouse, family member, assistant, agent, attorney, or other Person authorized or able to accept or forward communications on the Person's behalf.

5. "Insurance Policy" or "Policy" means any policy, binder, cover note, slip, or contract of insurance under which any Individual Defendant is or was an insured, additional insured, or named insured, or that provides, provided, or may provide coverage for any claim

against any Individual Defendant, including, without limitation, any directors' and officers' liability ("D&O"), management liability, Side-A/Side-B/Side-C, entity, errors-and-omissions, professional-liability, run-off or "tail," excess, and reimbursement policy, together with all applications, proposal forms, declarations, endorsements, schedules, riders, binders, and renewals relating thereto.

6. "Insurer" means any Person that issued, underwrote, or administered any Insurance Policy, including any carrier, reinsurer, managing general agent, or claims administrator. "Broker" means any insurance broker, agent, or intermediary that placed, serviced, or renewed any Insurance Policy on Your behalf.

7. "Communication" means any transmission, exchange, or transfer of information in any form (oral, written, electronic, or otherwise) between two or more Persons, including letters, emails, text and chat messages, instant messages, voicemails, and messages on any messaging or social-media platform (including WhatsApp, WeChat, Telegram, and X).

8. "Document" is used in its broadest sense under Rule 34(a) of the Federal Rules of Civil Procedure and includes all writings and electronically stored information ("ESI") of any kind, together with all metadata and all drafts and non-identical copies, in Your possession, custody, or control.

9. "Person" means any natural person or any business, legal, or governmental entity or association.

10. "Relating to," "concerning," or "reflecting" means, in whole or in part, constituting, containing, embodying, comprising, reflecting, identifying, stating, referring to, dealing with, evidencing, or in any way pertaining to the subject matter.

11. The terms "all," "any," and "each" shall be construed as all and each. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of an Interrogatory all information that might otherwise be construed to be outside its scope. The singular includes the plural and vice versa.

12. "Resignation Letters" means the purported letters of resignation, together with the Form 6-K reporting the resignation of Xinyu Deng, that CLEU submitted to the Court as exhibits to its letter dated July 30, 2026 (ECF No. 105), executed or purportedly executed by or on behalf of Xinyu Deng, Wenhuai Zhuang, Fangzhong Sun, Ngo Yin Tsang, Wandong Chen, and Xiaonan Liu, together with any other letter or notice of resignation of any Individual Defendant.

13. "OTC Markets" means OTC Markets Group Inc. and each of its markets, systems, boards, and personnel on or through which CLEU's securities are or were quoted or CLEU makes or made disclosures, including the OTC Disclosure and News Service and the "OTC Markets board" referenced in Defendant Tsang's Resignation Letter.

14. "Cayman Registrar" means the Registrar of Companies of the Cayman Islands, and any Cayman Islands governmental authority, registered office, registered agent, or corporate services provider through or with which CLEU maintains corporate records or makes filings concerning its directors and officers, including the office at Floor 4, Willow House, Cricket Square, Grand Cayman KY1-9010.

15. "Identify," when used with respect to a Person, means to state that Person's full name, last known residential and business address, telephone number, and email address, and that Person's relationship to the Company; when used with respect to a Communication, means to state its date, type or medium, the Persons who participated in or received it, and its substance; and

when used with respect to a Document, means to state its date, author, recipients, type, and present custodian and location.

**INSTRUCTIONS**

1. These Interrogatories are to be answered separately and fully in writing, under oath, by an officer or agent of the Company with knowledge of the matters inquired into, pursuant to Rule 33 of the Federal Rules of Civil Procedure. Your answers must include all information in Your possession, custody, or control, including information held by Your officers, directors, employees, agents, attorneys, registered agents, transfer agents, Insurers, and Brokers, or otherwise available to You.

2. Unless otherwise specified, the relevant time period for these Interrogatories is January 1, 2024 through the date of Your answers, which the Court's Order recognizes as a reasonable period before the Individual Defendants' alleged resignations through the present (the "Relevant Period").

3. If You cannot answer any Interrogatory in full after exercising due diligence, answer to the extent possible, state that You cannot answer the remainder, and describe the efforts You made to obtain the information. If the answer may be derived from Your business records and the burden of ascertaining it is substantially the same for both parties, You may answer under Rule 33(d) by specifying and making available those records in sufficient detail to permit Plaintiffs to locate and identify them.

4. If You object to any Interrogatory or any part of one, state the objection with specificity and answer the remaining portion.

5. These Interrogatories are continuing in nature. If, after answering, You obtain or become aware of additional responsive information, You must supplement Your answers promptly under Rule 26(e).

## INTERROGATORIES

**INTERROGATORY NO. 1:** For each Individual Defendant, state all Contact Information known to You or in Your possession, custody, or control, and for each item identify its source and the most recent date on which You know it to have been current. In answering, separately state:

(a) each residential, business, and mailing address;

(b) each telephone number, email address, and messaging or social-media identifier or handle (including WhatsApp, WeChat, Telegram, and X);

(c) each national identification, passport, or residency-permit number, and date and place of birth;

(d) the name and Contact Information of any spouse, family member, assistant, agent, attorney, or other Person through whom notice of this Action may be conveyed to, or a communication relayed to, that Individual Defendant; and

(e) the current or most recent residential address reflected in any "know your customer," anti-money-laundering, client due-diligence, or account-opening record maintained for or concerning that Individual Defendant by You or by any registered office, corporate services provider, transfer agent, bank, or broker acting for or on behalf of You.

**INTERROGATORY NO. 2:** Describe the Company's contact and communications with each Individual Defendant from January 1, 2024 to the present, and separately state:

(a) each email address, telephone number, and messaging or social-media handle used by You, or by anyone acting on Your behalf, to communicate with that Individual Defendant;

(b) the date, means, and substance of the most recent communication of any kind between You (or anyone acting on Your behalf) and that Individual Defendant, and the identity of each Person at or for the Company who participated in or is aware of that communication; and

(c) the identity of every Person (including any officer, director, employee, agent, attorney, registered agent, transfer agent, Insurer, or Broker) who has communicated with, currently possesses Contact Information for, or has knowledge of the whereabouts of, that Individual Defendant.

**INTERROGATORY NO. 3:** For each Individual Defendant who has purportedly resigned from or departed any position with the Company, state:

(a) the date, effective date, and stated reason for the resignation or departure, and whether, when, and by whom it was accepted by the Company;

(b) the manner in which each Resignation Letter or notice of resignation was transmitted to the Company, including the email account, facsimile number, device, or physical address from which it was sent and the Person who received it;

(c) each notice, filing, or disclosure of the resignation, appointment, or departure that was made or was required to be made to OTC Markets, the Cayman Registrar, the U.S. Securities and Exchange Commission, the Nasdaq Stock Market, or the Financial Industry Regulatory Authority, identifying the recipient and date of each; and

(d) that Individual Defendant's current or most recent employer, business affiliation, and position (including, as to Xiaonan Liu, any position at Dongkai Assets Management Co., Ltd. or CITIC Securities), and the source of that information.

**INTERROGATORY NO. 4:** Describe in detail all efforts You have made to locate or contact each Individual Defendant, and all means available to You to do so, and separately state:

(a) each search, inquiry, investigation, or skip-trace You (or anyone acting on Your behalf) have undertaken to locate any Individual Defendant, and the result of each;

(b) each source available to You that possesses or could obtain Contact Information for, or the whereabouts of, any Individual Defendant, including Your registered agent (Cogency Global, Inc.), Your Cayman Islands registered office, registered agent, or corporate services provider, Your transfer agent (Transhare Corporation), Your banks, and Your Insurers and Brokers;

(c) the custodian of, and each Person with access to, the Company's registers of directors, officers, and members, minute books, and other statutory or corporate records maintained under Cayman Islands law that reflect Contact Information for, or the whereabouts of, any Individual Defendant; and

(d) whether any Individual Defendant has designated any agent for service of process, attorney-in-fact, or authorized representative in any corporate, regulatory, or securities filing, and if so, identify that agent and its Contact Information.

**INTERROGATORY NO. 5:** State whether any Insurance Policy provides or may provide coverage for any claim against any Individual Defendant, and if so, for each such Policy:

(a) identify the Insurer, the Broker, and the policy number;

(b) state whether notice of this Action has been provided to the Insurer, whether any defense costs or indemnification have been or will be advanced or paid to or on behalf of any Individual Defendant, and identify the address, bank account, or defense counsel to or through which any such advancement, payment, or communication was or would be directed; and

(c) identify any Contact Information for, or information concerning the whereabouts, subsequent employer, or change of employer of, any Individual Defendant contained in the files of any Insurer or Broker, and the custodian of those files.

**INTERROGATORY NO. 6:** To the extent not fully provided in response to the foregoing Interrogatories, and separately as to each Individual Defendant, state:

(a) that Individual Defendant's country of citizenship, and current or most recent country, state or province, and city of residence, and the factual basis for Your answer;

(b) each email or messaging account, or device, that the Company issued to, maintained for, or has access logs for that Individual Defendant, and the date, IP address, and location of that Individual Defendant's most recent access to or use of it;

(c) the identity of each Person who nominated, recruited, appointed, or supervised that Individual Defendant, or who currently performs the role that Individual Defendant held, and any familial, financial, or business relationship between that Individual Defendant and any other Defendant or any current or former officer, director, or agent of the Company;

(d) the identity of any attorney, accountant, agent, or other Person who represents or has acted for that Individual Defendant in connection with the resignation, this

Action, or otherwise, including any Person who negotiated, prepared, or transmitted that Individual Defendant's resignation; and

(e) the complete factual basis for any contention that the Company lacks the means to locate, or to forward notice of this Action to, that Individual Defendant, including each fact, Person, and Document supporting that contention and each step the Company would need to take, and each source it would need to consult, to obtain current Contact Information for that Individual Defendant.

Dated: August 19, 2026

Respectfully submitted,

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

/s/ John T. Jasnoch
John T. Jasnoch (pro hac vice)
Mollie Chadwick (pro hac vice)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel: (619) 233-4565
jjasnoch@scott-scott.com
mchadwick@scott-scott.com

**MORRIS KANDINOV LLP**
Aaron T. Morris
Andrew W. Robertson
William H. Spruance III
305 Broadway, 7th Floor
New York, NY 10007
Tel: (212) 431-7473
aaron@moka.law
andrew@moka.law
william@moka.law

*Lead Counsel for Plaintiffs*

**POMERANTZ LLP**
Jeremy A. Lieberman
Samantha Daniels
600 Third Avenue, 20th Floor

New York, New York 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com sdaniels@pomlaw.com

**HIGHFUL LAW PLLC**
Tyler Highful
5900 Balcones Drive, Suite 100
Austin, TX 78731
(512) 666-7426
tyler@highful.com

*Additional Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2026, I caused the foregoing to be served on counsel of record for all parties via electronic mail using the email addresses maintained on the Court's ECF system.

/s/ John T. Jasnoch
John T. Jasnoch (admitted *pro hac vice*)

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ATUL SHAH, AMITA SHAH, SHAILENDRA PRASAD, JOSHUA BOUCK, SHENWEI ZHAO, ADAM SPRING, PIERRE LOTZOF, and BO KWON, individually on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHINA LIBERAL EDUCATION HOLDINGS LTD., NGAI NGAI LAM, WENHUAI ZHUANG, FANGZHONG SUN, NGO YIN TSANG, WANDONG CHEN, XIAONAN LIU, XINYU DENG, TRANSHARE CORPORATION, ASCENT INVESTOR RELATIONS LLC, TINA XIAO, EVER ALPHA GLOBAL LIMITED, LIM XIANG JIE CEDRIC, MING-SHEN CHENG, KING SUNG WONG, KO SEN CHAI, SIONG WEE VUN, CHIEN LUNG MA, KOK WAH WONG, YAN ZHAO, and AUDIT ALLIANCE, LLP,<br><br>Defendants. | Case No. 26-cv-823-GHW-HJR<br><br>**PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION OF DEFENDANT CHINA LIBERAL EDUCATION HOLDINGS LTD.** |

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure and the Court's Order dated August 10, 2026 (ECF No. 110), lifting the discovery stay imposed by the Private Securities Litigation Reform Act ("PSLRA"), Lead Plaintiffs Amita Shah, Pierre Lotzof, Shailendra Prasad, Joshua Bouck, and Bo Kwon, together with additional named Plaintiffs Atul Shah, Adam Spring, and Shenwei Zhao (collectively, "Plaintiffs"), by and through their undersigned counsel, will take the deposition upon oral examination of Defendant China Liberal Education Holdings Ltd. ("CLEU," "You," or the "Company") beginning on October 15, 2026, at 10:00 a.m. (Eastern Time), at the offices of Scott+Scott Attorneys at Law

LLP, The Helmsley Building, 230 Park Ave, 24th Floor, New York, NY 10169, or at such other date, time, place, or manner as the parties may agree.

The deposition will be taken before a notary public or other officer authorized to administer oaths, will be recorded by stenographic and audiovisual means, and may be conducted with the assistance of an interpreter and real-time transcription. The deposition will continue from day to day until completed.

Pursuant to Rule 30(b)(6), CLEU must designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf, and who are knowledgeable, regarding the matters set forth in Schedule A below. CLEU must make a good-faith, reasonable inquiry and adequately prepare each designee to testify as to information known or reasonably available to the Company. At least 10 days before the deposition, CLEU shall serve a written designation identifying each person it will produce and the matters on which each person will testify.

As required by Rule 30(b)(6), counsel for the parties shall confer in good faith about the matters for examination before the deposition. Consistent with the Court's Order, the matters for examination concern the whereabouts of the Individual Defendants and the Company's ability to provide them notice of this Action.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rules 30(b)(2) and 34 of the Federal Rules of Civil Procedure, Plaintiffs request that CLEU produce, at or before the deposition and in any event at least 10 days before it, all Documents identified in, or responsive to, Plaintiffs' First Set of Requests for Production of Documents to CLEU, together with any Document that a designee reviews, relies upon, or uses to prepare for or to refresh recollection as to any matter set forth in Schedule A, to the extent not already produced.

**DEFINITIONS**

1. "Action" means the above-captioned matter, *Shah v. China Liberal Education Holdings Ltd.*, No. 1:26-cv-00823-GHW-HJR (S.D.N.Y.).

2. "You," "Your," "CLEU," or the "Company" means Defendant China Liberal Education Holdings Ltd. and its present and former parents, subsidiaries, affiliates, predecessors, successors, divisions, and any of its present and former officers, directors, employees, agents, representatives, attorneys, registered agents, transfer agents, insurers, insurance brokers, and any other Person acting or purporting to act on its behalf.

3. "Individual Defendants" or "D&O Defendants" means Ngai Ngai Lam, Wenhuai Zhuang (a/k/a Wenhui Zhuang), Fangzhong Sun, Ngo Yin Tsang (a/k/a Ngo Tin Tsang and Tsang Ngo Yin), Wandong Chen (a/k/a Wangdong Chen), Xiaonan Liu, and Xinyu Deng, and each of them individually.

4. "Contact Information" means any information that could be used to locate, identify, communicate with, or effect service of process upon a Person, including without limitation full legal names and any aliases or transliterations; residential, business, and mailing addresses; telephone, mobile, and facsimile numbers; email addresses; social-media, messaging, and chat identifiers or handles (including WhatsApp, WeChat, Telegram, and X (formerly Twitter)); national identification, passport, or residency-permit numbers; dates and places of birth; and the identity and Contact Information of any spouse, family member, assistant, agent, attorney, or other Person authorized or able to accept or forward communications on the Person's behalf.

5. "Insurance Policy" or "Policy" means any policy, binder, cover note, slip, or contract of insurance under which any Individual Defendant is or was an insured, additional insured, or named insured, or that provides, provided, or may provide coverage for any claim

against any Individual Defendant, including without limitation any directors' and officers' liability ("D&O"), management liability, Side-A/Side-B/Side-C, entity, errors-and-omissions, professional-liability, run-off or "tail," excess, and reimbursement policy, together with all applications, proposal forms, declarations, endorsements, schedules, riders, binders, and renewals relating thereto.

6. "Insurer" means any Person that issued, underwrote, or administered any Insurance Policy, including any carrier, reinsurer, managing general agent, or claims administrator. "Broker" means any insurance broker, agent, or intermediary that placed, serviced, or renewed any Insurance Policy on Your behalf.

7. "Communication" means any transmission, exchange, or transfer of information in any form (oral, written, electronic, or otherwise) between two or more Persons, including letters, emails, text and chat messages, instant messages, voicemails, and messages on any messaging or social-media platform (including WhatsApp, WeChat, Telegram, and X).

8. "Document" is used in its broadest sense under Rule 34(a) of the Federal Rules of Civil Procedure and includes all writings and electronically stored information ("ESI") of any kind, together with all metadata and all drafts and non-identical copies, in Your possession, custody, or control.

9. "Person" means any natural person or any business, legal, or governmental entity or association.

10. "Relating to," "concerning," or "reflecting" means, in whole or in part, constituting, containing, embodying, comprising, reflecting, identifying, stating, referring to, dealing with, evidencing, or in any way pertaining to the subject matter.

11. The terms "all," "any," and "each" shall be construed as all and each. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a matter for examination all information that might otherwise be construed to be outside its scope. The singular includes the plural and vice versa.

12. "Resignation Letters" means the purported letters of resignation, together with the Form 6-K reporting the resignation of Xinyu Deng, that CLEU submitted to the Court as exhibits to its letter dated July 30, 2026 (ECF No. 105), executed or purportedly executed by or on behalf of Xinyu Deng, Wenhuai Zhuang, Fangzhong Sun, Ngo Yin Tsang, Wandong Chen, and Xiaonan Liu, together with any other letter or notice of resignation of any Individual Defendant.

13. "OTC Markets" means OTC Markets Group Inc. and each of its markets, systems, boards, and personnel on or through which CLEU's securities are or were quoted or CLEU makes or made disclosures, including the OTC Disclosure and News Service and the "OTC Markets board" referenced in Defendant Tsang's Resignation Letter.

14. "Cayman Registrar" means the Registrar of Companies of the Cayman Islands, and any Cayman Islands governmental authority, registered office, registered agent, or corporate services provider through or with which CLEU maintains corporate records or makes filings concerning its directors and officers, including the office at Floor 4, Willow House, Cricket Square, Grand Cayman KY1-9010.

15. "Relevant Period" means January 1, 2024 through the date of the deposition, corresponding to the Relevant Period defined in Plaintiffs' First Set of Interrogatories and First Set of Requests for Production of Documents to CLEU, provided that any matter concerning Contact Information You have or have ever had for any Individual Defendant is not limited to that period.

16. “Including” and “includes” mean “including, but not limited to,” and “including, without limitation,” and shall not be construed to limit any matter for examination.

17. “Electronic Account” means any email, messaging, social-media, cloud-storage, banking, brokerage, payment, or other online or electronic account issued to, used by, registered to, or associated with any Individual Defendant, whether maintained by You or by the Individual Defendant personally (including any Gmail, Outlook, QQ, WeChat, WhatsApp, Telegram, or X account), together with any username, registration information, recovery or backup email address, recovery or backup telephone number, and any login, access, or IP-address record for the account.

18. “Device” means any computer, server, laptop, tablet, mobile telephone, smartphone, or other electronic device issued to, used by, or associated with any Individual Defendant, together with any record of the date, IP address, or physical location of the most recent access to or use of the Device.

**INSTRUCTIONS**

19. In responding to this Notice, CLEU shall designate and adequately prepare one or more designees to testify to all information known or reasonably available to the Company as to each matter for examination, including information within the possession, custody, or control of the Company’s present and former officers, directors, employees, agents, attorneys, registered agents, transfer agents, corporate services providers, Insurers, and Brokers.

20. For any matter as to which CLEU contends, after a good-faith and reasonable inquiry, that it cannot provide complete testimony, the designee shall be prepared to testify to the inquiry the Company undertook, the Persons and sources it consulted, and the reasons the information is said to be unavailable.

21. The word "any" shall be construed to mean "any and all" wherever the effect of doing so is to broaden the scope of a matter for examination.

22. The words "including" and "includes" shall be construed to mean "including, but not limited to," and shall not be construed to limit any matter for examination.

23. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a matter for examination all information that might otherwise be construed to be outside its scope; the singular includes the plural and vice versa; and the use of any tense of any verb includes all other tenses.

24. Each Definition, Instruction, and matter for examination shall be construed independently and not by reference to any other for the purpose of limitation.

25. The Definitions apply to each matter for examination, whether or not the defined term is capitalized.

26. Unless a term is given a defined meaning herein, each word or term shall be construed according to its usual and customary meaning.

27. This Notice is continuing in nature. If, before or during the deposition, CLEU obtains or becomes aware of additional information responsive to any matter for examination, including any updated Contact Information for any Individual Defendant, it shall supplement its designation and preparation and disclose that information to Plaintiffs.

28. Plaintiffs do not seek, through any matter for examination, testimony protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection that has not been waived; CLEU shall provide all non-privileged testimony responsive to each matter.

29. Plaintiffs reserve the right to amend, modify, or supplement this Notice and the matters for examination, and to serve additional deposition notices, consistent with the Court's Order dated August 10, 2026 (ECF No. 110).

**SCHEDULE A:MATTERS FOR EXAMINATION**

1. The Contact Information You have or have ever had for each Individual Defendant, the sources of that information, and how current it is. This includes Contact Information reflected in the Company's personnel, human-resources, onboarding, payroll, tax-withholding, or expense-reimbursement files, in any directors' and officers' questionnaire or biographical or bio-data form, and in any engagement, employment, appointment, indemnification, consulting, or independent-contractor agreement with any Individual Defendant.

2. Your communications with each Individual Defendant since January 1, 2024, including the email addresses, telephone numbers, and messaging or social-media handles used to communicate with each Individual Defendant, and the date, means, and substance of Your most recent communication of any kind with each.

3. The identity of each Person, including any officer, director, employee, agent, registered agent, transfer agent, Insurer, or Broker, who has communicated with, has Contact Information for, or knows the whereabouts of any Individual Defendant.

4. The resignation or departure of each Individual Defendant, including its circumstances, dates, and reasons; whether, when, and by whom it was accepted; and how each Resignation Letter was prepared, executed, and transmitted to the Company, including the account or address from which it was sent and the Person who received it. This includes who solicited, prepared, directed, or authorized each resignation, and any board resolution, written consent, or minutes reflecting the Company's solicitation, receipt, acceptance, or effectuation of it. This also

includes any release, waiver, severance, post-resignation compensation, consulting fee, or other payment made or promised in connection with any resignation (including the release set forth in Defendant Zhuang's Resignation Letter), and the bank, account, address, or wire instructions to or through which any such payment was or would be directed.

5. Each notice, filing, or disclosure of any Individual Defendant's resignation, appointment, or departure made or required to be made to OTC Markets, the Cayman Registrar, the U.S. Securities and Exchange Commission, the Nasdaq Stock Market, or the Financial Industry Regulatory Authority, and Your communications with any such body concerning any Individual Defendant.

6. The Company's registers of directors, officers, and members, minute books, and other statutory or corporate records maintained under Cayman Islands law that reflect Contact Information for, or the whereabouts of, any Individual Defendant, and their custodian and location; and the Company's registered office, registered agent, and corporate services provider in the Cayman Islands.

7. Each Individual Defendant's current or most recent employer, business affiliation, and position; country of citizenship; and current or most recent country, state or province, and city of residence, and the bases for Your knowledge. This includes, as to Xiaonan Liu, any position at Dongkai Assets Management Co., Ltd. or CITIC Securities, and, as to each Individual Defendant, any subsequent or current employer, engagement, board seat, or office identified in any Company filing, together with the identity and Contact Information of any such employer or entity.

8. The efforts You have made to locate or contact each Individual Defendant, and the means available to You to do so, including through Your registered agent (Cogency Global, Inc.),

Your Cayman Islands registered office or corporate services provider, Your transfer agent (Transhare Corporation), Your banks, and Your Insurers and Brokers.

9. Each Person who nominated, recruited, appointed, or supervised any Individual Defendant, or who now performs that role, and any family, financial, or business relationship between any Individual Defendant and any other Defendant or any current or former officer, director, or agent of the Company.

10. Any attorney, accountant, agent, or authorized representative who represents or has acted for any Individual Defendant, and any agent for service of process or power of attorney designated by or for any Individual Defendant.

11. Any Insurance Policy that provides or may provide coverage for a claim against any Individual Defendant, including the Insurer and Broker; whether this Action has been tendered to the Insurer; whether any defense costs or indemnification have been or will be advanced or paid to or for any Individual Defendant, and the address, account, or defense counsel to or through which any such advancement or communication was directed; and any Contact Information for, or whereabouts of, any Individual Defendant in the files of any Insurer or Broker. This includes any run-off or "tail" Policy and any change-in-control, change-in-status, or outside-directorship provision triggered by any Individual Defendant's resignation or change of employer, and Your (or Your Broker's) communications with any Insurer concerning any such event. This also includes the retention of, and communications with, any counsel engaged by You or by any Insurer to represent or defend any Individual Defendant in this Action, and that counsel's authority or ability to accept service on, or to forward notice of this Action to, any Individual Defendant.

12. Any "know your customer," anti-money-laundering, client due-diligence, or account-opening record for any Individual Defendant maintained by You or by any registered

office, corporate services provider, transfer agent, bank, or broker acting for or on behalf of You, including any government-issued identification and proof-of-address document.

13. Any Company email account, device, or messaging account issued to or maintained for any Individual Defendant, including the date, IP address, and location of the most recent access to or use of it.

14. The basis for any contention that You lack the means to locate, or to give notice of this Action to, any Individual Defendant, including the steps You would need to take, and the sources You would need to consult, to obtain current Contact Information for any Individual Defendant.

15. The identification, collection, search, and preservation of Documents and information responsive to Plaintiffs' First Set of Requests for Production of Documents and First Set of Interrogatories, including the custodians, systems, and repositories searched. This includes the litigation hold and preservation steps You have taken, and the custodians, systems, applications, and repositories (including email systems, messaging applications, human-resources systems, board-portal or corporate-records systems, and insurance and Broker files) that contain or may contain Contact Information for, or Communications with, any Individual Defendant.

16. Any Contact Information for, or whereabouts of, any Individual Defendant reflected in any record of that Individual Defendant as a shareholder, warrant holder, or record or beneficial holder of the Company's securities, including any transfer-agent (Transhare Corporation) record, stock ledger, or Depository Trust Company record, and the custodian and location of those records.

17. Each Individual Defendant's Electronic Accounts and Devices, including the personal email, messaging, social-media, and financial accounts used by, or used to communicate

with, that Individual Defendant; the username, registration information, recovery or backup email address, and recovery or backup telephone number for each such account; and the date, IP address, and physical location of the most recent access to, login to, or use of any such account or Device.

18. Any instruction or arrangement for the forwarding or redirection of mail, email, or other communications for any Individual Defendant, and any residential, mailing, banking, brokerage, payroll, expense-reimbursement, or tax address on file for, or associated with, any Individual Defendant, and the source and date of each.

Dated: August 19, 2026

Respectfully submitted,

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

/s/ John T. Jasnoch
John T. Jasnoch (pro hac vice)
Mollie Chadwick (pro hac vice)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel: (619) 233-4565
jjasnoch@scott-scott.com
mchadwick@scott-scott.com

**MORRIS KANDINOV LLP**
Aaron T. Morris
Andrew W. Robertson
William H. Spruance III
305 Broadway, 7th Floor
New York, NY 10007
Tel: (212) 431-7473
aaron@moka.law
andrew@moka.law
william@moka.law

*Lead Counsel for Plaintiffs*

**POMERANTZ LLP**
Jeremy A. Lieberman
Samantha Daniels
600 Third Avenue, 20th Floor

New York, New York 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com sdaniels@pomlaw.com

**HIGHFUL LAW PLLC**
Tyler Highful
5900 Balcones Drive, Suite 100
Austin, TX 78731
(512) 666-7426
tyler@highful.com

*Additional Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2026, I caused the foregoing to be served on counsel of record for all parties via electronic mail using the email addresses maintained on the Court's ECF system.

/s/ John T. Jasnoch
John T. Jasnoch (admitted *pro hac vice*)