# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ATUL SHAH, AMITA SHAH, SHAILENDRA PRASAD, JOSHUA BOUCK, SHENWEI ZHAO, ADAM SPRING, PIERRE LOTZOF, and BO KWON, individually on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHINA LIBERAL EDUCATION HOLDINGS LTD., NGAI NGAI LAM, WENHUAI ZHUANG, FANGZHONG SUN, NGO YIN TSANG, WANDONG CHEN, XIAONAN LIU, XINYU DENG, TRANSHARE CORPORATION, ASCENT INVESTOR RELATIONS LLC, TINA XIAO, EVER ALPHA GLOBAL LIMITED, LIM XIANG JIE CEDRIC, MING-SHEN CHENG, KING SUNG WONG, KO SEN CHAI, SIONG WEE VUN, CHIEN LUNG MA, KOK WAH WONG, YAN ZHAO, and AUDIT ALLIANCE, LLP,<br><br>Defendants. | Case No. 26-cv-823-GHW-HJR |

**DEFENDANT CHINA LIBERAL EDUCATION HOLDINGS LTD. RESPONSES TO PLAINITFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Defendant China Liberal Education Holdings Ltd. ("China Liberal"), by and through its undersigned counsel, hereby submits the following responses to Lead Plaintiffs Amita Shah, Pierre Lotzof, Shailendra Prasad, Joshua Bouck, and Bo Kwon, together with additional named Plaintiffs Atul Shah, Adam Spring, and Shenwei Zhao (collectively, "Plaintiffs"), First Set of Requests of Interrogatories.

## PRELIMINARY STATEMENT

China Liberal's responses are made on the basis of information known to it and are made without waiving any further objections to or admitting the relevance or materiality of any of the information requests. China Liberal objects to the definitions and instructions used by Plaintiffs to the extent those definitions and instructions purport to require more of China Liberal than is required by the Federal Rules of Civil Procedure. China Liberal reserves the right to amend or supplement its objections and responses to these Interrogatories in accordance with the Federal Rules of Civil Procedure.

## CHINA LIBERAL'S RESPONSES

**INTERROGATORY NO. 1**

For each Individual Defendant, state all Contact Information known to You or in Your possession, custody, or control, and for each item identify its source and the most recent date on which You know it to have been current. In answering, separately state:

(a) each residential, business, and mailing address;

(b) each telephone number, email address, and messaging or social-media identifier or handle (including WhatsApp, WeChat, Telegram, and X);

(c) each national identification, passport, or residency-permit number, and date and place of birth;

(d) the name and Contact Information of any spouse, family member, assistant, agent, attorney, or other Person through whom notice of this Action may be conveyed to, or a communication relayed to, that Individual Defendant; and

(e) the current or most recent residential address reflected in any "know your customer," anti-money-laundering, client due-diligence, or account-opening record

maintained for or concerning that Individual Defendant by You or by any registered office, corporate services provider, transfer agent, bank, or broker acting for or on behalf of You.

**RESPONSE:** China Liberal objects to this Request on the grounds that this Request places China Liberal in violation of binding People's Republic of China law. Under Article 36 of the Data Security Law of the People's Republic of China and Article 41 of the Personal Information Protection Law, domestic companies operating in China hold not only the explicit legal right, but also the non-waivable statutory obligation to decline any compelled direct disclosure of personal information relating to former employees, in response to unvetted, unapproved foreign court disclosure orders. Compliance with this Request directly places China Liberal in actionable contravention of binding PRC regulatory requirements.

**INTERROGATORY NO. 2**

Describe the Company's contact and communications with each Individual Defendant from January 1, 2024 to the present, and separately state:

(a) each email address, telephone number, and messaging or social-media handle used by You, or by anyone acting on Your behalf, to communicate with that Individual Defendant;

(b) the date, means, and substance of the most recent communication of any kind between You (or anyone acting on Your behalf) and that Individual Defendant, and the identity of each person at or for the Company who participated in or is aware of that communication; and

(c) the identity of every Person (including any officer, director, employee, agent, attorney, registered agent, transfer agent, Insurer, or Broker) who has communicated with,

currently possesses Contact Information for, or has knowledge of the whereabouts of, that Individual Defendant.

**RESPONSE:** China Liberal objects to this Request on the grounds that this Request places China Liberal in violation of binding People's Republic of China law. Under Article 36 of the Data Security Law of the People's Republic of China and Article 41 of the Personal Information Protection Law, domestic companies operating in China hold not only the explicit legal right, but also the non-waivable statutory obligation to decline any compelled direct disclosure of personal information relating to former employees, in response to unvetted, unapproved foreign court disclosure orders. Compliance with this Request directly places China Liberal in actionable contravention of binding PRC regulatory requirements. China Liberal further objects to this Request on the grounds that it seeks discovery beyond the limited scope of discovery for the purposes of "the whereabouts of these individual defendants in the interest of providing them actual notice;" (see Docket Entry 110) all other discovery is currently stayed pursuant to the PSLRA, 15 U.S.C. § 77z-1(b)(1).

**INTERROGATORY NO. 3**

For each Individual Defendant who has purportedly resigned from or departed any position with the Company, state:

(a) the date, effective date, and stated reason for the resignation or departure, and whether, when, and by whom it was accepted by the Company;

(b) the manner in which each Resignation Letter or notice of resignation was transmitted to the Company, including the email account, facsimile number, device, or physical address from which it was sent and the Person who received it;

(c) each notice, filing, or disclosure of the resignation, appointment, or departure that was made or was required to be made to OTC Markets, the Cayman Registrar, the U.S. Securities and Exchange Commission, the Nasdaq Stock Market, or the Financial Industry Regulatory Authority, identifying the recipient and date of each; and

(d) that Individual Defendant's current or most recent employer, business affiliation, and position (including, as to Xiaonan Liu, any position at Dongkai Assets Management Co., Ltd. or CITIC Securities), and the source of that information.

**RESPONSE:** China Liberal objects to this Request on the grounds that this Request places China Liberal in violation of binding People's Republic of China law. Under Article 36 of the Data Security Law of the People's Republic of China and Article 41 of the Personal Information Protection Law, domestic companies operating in China hold not only the explicit legal right, but also the non-waivable statutory obligation to decline any compelled direct disclosure of personal information relating to former employees, in response to unvetted, unapproved foreign court disclosure orders. Compliance with this Request directly places China Liberal in actionable contravention of binding PRC regulatory requirements. China Liberal further objects to this Request on the grounds that it seeks discovery beyond the limited scope of discovery for the purposes of "the whereabouts of these individual defendants in the interest of providing them actual notice;" (see Docket Entry 110) all other discovery is currently stayed pursuant to the PSLRA, 15 U.S.C. § 77z-1(b)(1).

**INTERROGATORY NO. 4**

Describe in detail all efforts You have made to locate or contact each Individual Defendant, and all means available to You to do so, and separately state:

(a) each search, inquiry, investigation, or skip-trace You (or anyone acting on Your behalf) have undertaken to locate any Individual Defendant, and the result of each;

(b) each source available to You that possesses or could obtain Contact Information for, or the whereabouts of, any Individual Defendant, including Your registered agent (Cogency Global, Inc.), Your Cayman Islands registered office, registered agent, or corporate services provider, Your transfer agent (Transhare Corporation), Your banks, and Your Insurers and Brokers;

(c) the custodian of, and each Person with access to, the Company's registers of directors, officers, and members, minute books, and other statutory or corporate records maintained under Cayman Islands law that reflect Contact Information for, or the whereabouts of, any Individual Defendant; and

(d) whether any Individual Defendant has designated any agent for service of process, attorney-in-fact, or authorized representative in any corporate, regulatory, or securities filing, and if so, identify that agent and its Contact Information.

**RESPONSE:** China Liberal objects to this Request on the grounds that this Request places China Liberal in violation of binding People's Republic of China law. Under Article 36 of the Data Security Law of the People's Republic of China and Article 41 of the Personal Information Protection Law, domestic companies operating in China hold not only the explicit legal right, but also the non-waivable statutory obligation to decline any compelled direct disclosure of personal information relating to former employees, in response to unvetted, unapproved foreign court disclosure orders. Compliance with this Request directly places China Liberal in actionable contravention of binding PRC regulatory requirements. China Liberal further objects to this Request on the grounds that it seeks discovery beyond the limited scope of discovery for the

purposes of "the whereabouts of these individual defendants in the interest of providing them actual notice;" (see Docket Entry 110) all other discovery is currently stayed pursuant to the PSLRA, 15 U.S.C. § 77z-1(b)(1).

**INTERROGATORY NO. 5**

State whether any Insurance Policy provides or may provide coverage for any claim against any Individual Defendant, and if so, for each such Policy:

(a) identify the Insurer, the Broker, and the policy number;

(b) state whether notice of this Action has been provided to the Insurer, whether any defense costs or indemnification have been or will be advanced or paid to or on behalf of any Individual Defendant, and identify the address, bank account, or defense counsel to or through which any such advancement, payment, or communication was or would be directed; and

(c) identify any Contact Information for, or information concerning the whereabouts, subsequent employer, or change of employer of, any Individual Defendant contained in the files of any Insurer or Broker, and the custodian of those files.

**RESPONSE:** China Liberal objects to this Request on the grounds that it seeks discovery beyond the limited scope of discovery for the purposes of "the whereabouts of these individual defendants in the interest of providing them actual notice;" (see Docket Entry 110) all other discovery is currently stayed pursuant to the PSLRA, 15 U.S.C. § 77z-1(b)(1).

**INTERROGATORY NO. 6**

To the extent not fully provided in response to the foregoing Interrogatories, and separately as to each Individual Defendant, state:

(a) that Individual Defendant's country of citizenship, and current or most recent country, state or province, and city of residence, and the factual basis for Your answer;

(b) each email or messaging account, or device, that the Company issued to, maintained for, or has access logs for that Individual Defendant, and the date, IP address, and location of that Individual Defendant's most recent access to or use of it;

(c) the identity of each Person who nominated, recruited, appointed, or supervised that Individual Defendant, or who currently performs the role that Individual Defendant held, and any familial, financial, or business relationship between that Individual Defendant and any other Defendant or any current or former officer, director, or agent of the Company;

(d) the identity of any attorney, accountant, agent, or other Person who represents or has acted for that Individual Defendant in connection with the resignation, this Action, or otherwise, including and Person who negotiated, prepared, or transmitted that Individual Defendant's resignation; and

(e) the complete factual basis of any contention that the Company lacks the means to locate, or to forward notice of this Action to, that Individual Defendant, including each fact, Person, and Document supporting that contention and each step the Company

would need to take, and each source it would need to consult, to obtain current Contact Information for that Individual Defendant.

**RESPONSE:** China Liberal objects to this Request on the grounds that this Request places China Liberal in violation of binding People’s Republic of China law. Under Article 36 of the Data Security Law of the People's Republic of China and Article 41 of the Personal Information Protection Law, domestic companies operating in China hold not only the explicit legal right, but also the non-waivable statutory obligation to decline any compelled direct disclosure of personal information relating to former employees, in response to unvetted, unapproved foreign court disclosure orders. Compliance with this Request directly places China Liberal in actionable contravention of binding PRC regulatory requirements.

**DATED:** September 18, 2026
Miami, Florida

Respectfully submitted,

Mark David Hunter, Esquire
New York Bar No. 4017331
Jenny Johnson-Sardella, Esquire
New York Bar No. 4225850
Hunter Taubman Fischer & Li LLC
848 Brickell Avenue, Suite 200
Miami, Florida 33131
Tel: (305) 629-1180
Fax: (305) 629-8099
Email: mhunter@htflawyers.com
jsardella@htflawyers.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via E-mail on September 18, 2026, to the following:

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
John T. Jasnoch (pro hac vice)
Mollie Chadwick (pro hac vice)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel: (619) 233-4565
jjasnoch@scott-scott.com
mchadwick@scott-scott.com

**MORRIS KANDINOV LLP**
Aaron T. Morris
Andrew W. Robertson
William H. Spruance III
305 Broadway, 7th Floor
New York, NY 10007
Tel: (212) 431-7473
aaron@moka.law
andrew@moka.law
william@moka.law

*Lead Counsel for Plaintiffs*

**POMERANTZ LLP**
Jeremy A. Lieberman
Samantha Daniels
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com
sdaniels@pomlaw.com

**HIGHFUL LAW PLLC**
Tyler Highful
5900 Balcones Drive, Suite 100
Austin, TX 78731
(512) 666-7426
tyler@highful.com

*Additional Counsel for Plaintiffs*

______________________________
Jenny Johnson-Sardella

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ATUL SHAH, AMITA SHAH, SHAILENDRA PRASAD, JOSHUA BOUCK, SHENWEI ZHAO, ADAM SPRING, PIERRE LOTZOF, and BO KWON, individually on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHINA LIBERAL EDUCATION HOLDINGS LTD., NGAI NGAI LAM, WENHUAI ZHUANG, FANGZHONG SUN, NGO YIN TSANG, WANDONG CHEN, XIAONAN LIU, XINYU DENG, TRANSHARE CORPORATION, ASCENT INVESTOR RELATIONS LLC, TINA XIAO, EVER ALPHA GLOBAL LIMITED, LIM XIANG JIE CEDRIC, MING-SHEN CHENG, KING SUNG WONG, KO SEN CHAI, SIONG WEE VUN, CHIEN LUNG MA, KOK WAH WONG, YAN ZHAO, and AUDIT ALLIANCE, LLP,<br><br>Defendants. | Case No. 26-cv-823-GHW-HJR |

**VERIFICATION**

I ______________ have read China Liberal Education Holdings Ltd.'s foregoing responses to Plaintiff's First Set of Interrogatories and do swear that they are true and correct to the best of my knowledge and belief.

I verify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on September 18, 2026.

________________________________
Name:
Position: