# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

ATUL SHAH, AMITA SHAH, SHAILENDRA PRASAD, JOSHUA BOUCK, SHENWEI ZHAO, ADAM SPRING, PIERRE LOTZOF, and BO KWON, individually on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CHINA LIBERAL EDUCATION HOLDINGS LTD., NGAI NGAI LAM, WENHUAI ZHUANG, FANGZHONG SUN, NGO YIN TSANG, WANDONG CHEN, XIAONAN LIU, XINYU DENG, TRANSHARE CORPORATION, ASCENT INVESTOR RELATIONS LLC, TINA XIAO, EVER ALPHA GLOBAL LIMITED, LIM XIANG JIE CEDRIC, MING-SHEN CHENG, KING SUNG WONG, KO SEN CHAI, SIONG WEE VUN, CHIEN LUNG MA, KOK WAH WONG, YAN ZHAO, and AUDIT ALLIANCE, LLP,

Defendants.

Case No. 26-cv-823-GHW-HJR

**DEFENDANT CHINA LIBERAL EDUCATION HOLDINGS LTD. RESPONSES TO PLAINITFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 34, Defendant China Liberal Education Holdings Ltd. ("China Liberal"), by an through its undersigned counsel, hereby submits the following responses to Lead Plaintiffs Amita Shah, Pierre Lotzof, Shailendra Prasad, Joshua Bouck, and Bo Kwon, together with additional named Plaintiffs Atul Shah, Adam Spring, and Shenwei Zhao (collectively, "Plaintiffs"), First Set of Requests For Production of Documents.

## PRELIMINARY STATEMENT

China Liberal's responses are made on the basis of information known to it and are made without waiving any further objections to, or admitting the relevance or materiality of any of the information requested. China Liberal objects to the definitions and instructions used by Plaintiffs to the extent those definitions and instructions purport to require more of China Liberal than is required by the Federal Rules of Civil Procedure. China Liberal reserves the right to amend or supplement its objections and responses to these Requests in accordance with the Federal Rules of Civil Procedure.

## CHINA LIBERAL'S RESPONSES

**REQUEST NO. 1**

Documents sufficient to identify any Contact Information You have or have ever had for each Individual Defendant.

**RESPONSE:** China Liberal objects to this Request on the grounds that this Request places China Liberal in violation of binding People's Republic of China law. Under Article 36 of the Data Security Law of the People's Republic of China and Article 41 of the Personal Information Protection Law, domestic companies operating in China hold not only the explicit legal right, but also the non-waivable statutory obligation to decline any compelled direct disclosure of personal information relating to former employees, in response to unvetted, unapproved foreign court disclosure orders. Compliance with this Request directly places China Liberal in actionable contravention of binding PRC regulatory requirements.

**REQUEST NO. 2**

Documents sufficient to identify Contact Information for any spouse, family member, assistant, agent, attorney, or other Person through whom notice of this Action may be conveyed to, or communications relayed to, any Individual Defendant.

**RESPONSE:** China Liberal objects to this Request on the grounds that this Request places China Liberal in violation of binding People's Republic of China law. Under Article 36 of the Data Security Law of the People's Republic of China and Article 41 of the Personal Information Protection Law, domestic companies operating in China hold not only the explicit legal right, but also the non-waivable statutory obligation to decline any compelled direct disclosure of personal information relating to former employees, in response to unvetted, unapproved foreign court disclosure orders. Compliance with this Request directly places China Liberal in actionable contravention of binding PRC regulatory requirements. China Liberal further objects to this Request on the grounds that it seeks discovery beyond the limited scope of discovery for the purposes of "the whereabouts of these individual defendants in the interest of providing them actual notice;" (*see* Docket Entry 110) all other discovery is currently stayed pursuant to the PSLRA, 15 U.S.C. § 77z-1(b)(1).

**REQUEST NO. 3**

Documents sufficient to identify any Contact Information, notice address, or banking or payment-routing information for each Individual Defendant contained in the Company's personnel, human-resources, onboarding, payroll, tax-withholding, or expense-reimbursement files, in any directors'

and officers' questionnaire or biographical form, or in any engagement, employment, appointment, indemnification, consulting, or independent-contractor agreement.

**RESPONSE:** China Liberal objects to this Request on the grounds that this Request places China Liberal in violation of binding People's Republic of China law. Under Article 36 of the Data Security Law of the People's Republic of China and Article 41 of the Personal Information Protection Law, domestic companies operating in China hold not only the explicit legal right, but also the non-waivable statutory obligation to decline any compelled direct disclosure of personal information relating to former employees, in response to unvetted, unapproved foreign court disclosure orders. Compliance with this Request directly places China Liberal in actionable contravention of binding PRC regulatory requirements. China Liberal further objects to this Request on the grounds that it seeks discovery beyond the limited scope of discovery for the purposes of "the whereabouts of these individual defendants in the interest of providing them actual notice;" (*see* Docket Entry 110) all other discovery is currently stayed pursuant to the PSLRA, 15 U.S.C. § 77z-1(b)(1).

**REQUEST NO. 4**

All Communications between You and any Individual Defendant during the Relevant Period.

**RESPONSE:** China Liberal objects to this Request on the grounds that it seeks discovery beyond the limited scope of discovery for the purposes of "the whereabouts of these individual defendants in the interest of providing them actual notice;" (*see* Docket Entry 110) all other discovery is currently stayed pursuant to the PSLRA, 15 U.S.C. § 77z-1(b)(1).

**REQUEST NO. 5:**

All Communications with any Person, including any officer, director, employee, agent, attorney, registered agent (Cogency Global, Inc.), transfer agent, or service provider, relating to the location, whereabouts, or Contact Information of any Individual Defendant.

**RESPONSE:** China Liberal objects to this Request on the grounds that it is vague and overly broad and on the grounds that this Request places China Liberal in violation of binding People's Republic of China law. Under Article 36 of the Data Security Law of the People's Republic of China and Article 41 of the Personal Information Protection Law, domestic companies operating in China hold not only the explicit legal right, but also the non-waivable statutory obligation to decline any compelled direct disclosure of personal information relating to former employees, in response to unvetted, unapproved foreign court disclosure orders. Compliance with this Request directly places China Liberal in actionable contravention of binding PRC regulatory requirements.

**REQUEST NO. 6**

All Documents relating to each Resignation Letter and to the resignation, retirement, removal, or departure of each Individual Defendant, including the native electronic file, all metadata, any signature image file, any electronic-signature or audit-trail record, and any email, facsimile, courier, or other transmittal record reflecting when, how, from whom, and from what email account, facsimile number, device, or physical address each such Document was created, executed, transmitted, or received.

**RESPONSE:** China Liberal objects to this Request on the grounds that it seeks discovery beyond the limited scope of discovery for the purposes of "the whereabouts of these individual defendants

in the interest of providing them actual notice;" (*see* Docket Entry 110) all other discovery is currently stayed pursuant to the PSLRA, 15 U.S.C. § 77z-1(b)(1).

**REQUEST NO. 7**

Documents sufficient to identify any subsequent or current employer, engagement, board seat, office, or business affiliation of any Individual Defendant, including the identity and Contact Information of any such Person or entity (including, as to Xiaonan Liu, Dongkai Assets Management Co., Ltd., CITIC Securities, or any other employer identified in any Company filing).

**RESPONSE:** China Liberal objects to this Request on the grounds that this Request places China Liberal in violation of binding People's Republic of China law. Under Article 36 of the Data Security Law of the People's Republic of China and Article 41 of the Personal Information Protection Law, domestic companies operating in China hold not only the explicit legal right, but also the non-waivable statutory obligation to decline any compelled direct disclosure of personal information relating to former employees, in response to unvetted, unapproved foreign court disclosure orders. Compliance with this Request directly places China Liberal in actionable contravention of binding PRC regulatory requirements. China Liberal further objects to this Request on the grounds that it seeks discovery beyond the limited scope of discovery for the purposes of "the whereabouts of these individual defendants in the interest of providing them actual notice;" (*see* Docket Entry 110) all other discovery is currently stayed pursuant to the PSLRA, 15 U.S.C. § 77z-1(b)(1).

**REQUEST NO. 8**

All Documents relating to any release, waiver, severance, settlement, post-resignation compensation, consulting fee, or other payment in connection with any resignation or Resignation Letter (including the release set forth in Defendant Zhuang's Resignation Letter), including any invoice, payment record, or wire instruction reflecting the address, bank, or account to which any such payment was or would be directed, and all Communications with the Individual Defendant concerning the same.

**RESPONSE:** China Liberal objects to this his Request on the grounds that this Request places China Liberal in violation of binding People's Republic of China law. Under Article 36 of the Data Security Law of the People's Republic of China and Article 41 of the Personal Information Protection Law, domestic companies operating in China hold not only the explicit legal right, but also the non-waivable statutory obligation to decline any compelled direct disclosure of personal information relating to former employees, in response to unvetted, unapproved foreign court disclosure orders. Compliance with this Request directly places China Liberal in actionable contravention of binding PRC regulatory requirements. China Liberal further objects to this Request on the grounds that it seeks discovery beyond the limited scope of discovery for the purposes of "the whereabouts of these individual defendants in the interest of providing them actual notice;" (*see* Docket Entry 110) all other discovery is currently stayed pursuant to the PSLRA, 15 U.S.C. § 77z-1(b)(1).

.

**REQUEST NO. 9**

All Documents relating to the Company's solicitation, receipt, acceptance, or effectuation of each resignation reflected in a Resignation Letter, including any board resolution, written consent, or minutes, any Communication about who prepared or directed the preparation of any Resignation Letter, and any Communication with the resigning Individual Defendant about the resignation.

**RESPONSE:** China Liberal objects to this Request on the grounds that it seeks discovery beyond the limited scope of discovery for the purposes of "the whereabouts of these individual defendants in the interest of providing them actual notice;" (*see* Docket Entry 110) all other discovery is currently stayed pursuant to the PSLRA, 15 U.S.C. § 77z-1(b)(1).

**REQUEST NO. 10**

Documents sufficient to show any notice, filing, notification, or disclosure of any Individual Defendant's resignation, appointment, or departure made or required to be made to OTC Markets (including any notice to the OTC Markets board referenced in Defendant Tsang's Resignation Letter), the Cayman Registrar, the U.S. Securities and Exchange Commission, the Nasdaq Stock Market, the Financial Industry Regulatory Authority, or any other securities exchange, quotation system, or regulator, and all Communications with any such body concerning any Individual Defendant.

**RESPONSE:** China Liberal objects to this Request on the grounds that it seeks discovery beyond the limited scope of discovery for the purposes of "the whereabouts of these individual defendants in the interest of providing them actual notice;" (*see* Docket Entry 110) all other discovery is currently stayed pursuant to the PSLRA, 15 U.S.C. § 77z-1(b)(1).

**REQUEST NO. 11**

Documents sufficient to identify any Contact Information for, or the whereabouts of, any Individual Defendant contained in the Company's register of directors and officers, register of members, minute books, or other statutory or corporate records maintained under Cayman Islands law, and Documents sufficient to identify the custodian and location of those records.

**RESPONSE:** China Liberal objects to this Request on the grounds that this Request places China Liberal in violation of binding People's Republic of China law. Under Article 36 of the Data Security Law of the People's Republic of China and Article 41 of the Personal Information Protection Law, domestic companies operating in China hold not only the explicit legal right, but also the non-waivable statutory obligation to decline any compelled direct disclosure of personal information relating to former employees, in response to unvetted, unapproved foreign court disclosure orders. Compliance with this Request directly places China Liberal in actionable contravention of binding PRC regulatory requirements.

**REQUEST NO. 12**

Documents sufficient to identify any power of attorney, agent for service of process, or authorized representative designated by or for any Individual Defendant in any corporate, regulatory, or securities filing, and any Contact Information associated therewith.

**RESPONSE:** China Liberal objects to this Request to the extent that it seeks documents not in the custody or control of China Liberal. China Liberal also objects to this Request on the grounds that it places China Liberal in violation of binding People's Republic of China law. Under Article 36 of the Data Security Law of the People's Republic of China and Article 41 of the Personal

Information Protection Law, domestic companies operating in China hold not only the explicit legal right, but also the non-waivable statutory obligation to decline any compelled direct disclosure of personal information relating to former employees, in response to unvetted, unapproved foreign court disclosure orders. Compliance with this Request directly places China Liberal in actionable contravention of binding PRC regulatory requirements.

**REQUEST NO. 13**

Documents sufficient to identify any Contact Information for any Individual Defendant reflected in any record of that Individual Defendant as a shareholder, warrant holder, or record or beneficial holder of the Company's securities, including any transfer-agent (Transhare Corporation) record, stock ledger, or Depository Trust Company record.

**RESPONSE:** China Liberal objects to this Request on the grounds that this Request places China Liberal in violation of binding People's Republic of China law. Under Article 36 of the Data Security Law of the People's Republic of China and Article 41 of the Personal Information Protection Law, domestic companies operating in China hold not only the explicit legal right, but also the non-waivable statutory obligation to decline any compelled direct disclosure of personal information relating to former employees, in response to unvetted, unapproved foreign court disclosure orders. Compliance with this Request directly places China Liberal in actionable contravention of binding PRC regulatory requirements. China Liberal further objects to this Request on the grounds that it seeks discovery beyond the limited scope of discovery for the purposes of "the whereabouts of these individual defendants in the interest of providing them

actual notice;" (*see* Docket Entry 110) all other discovery is currently stayed pursuant to the PSLRA, 15 U.S.C. § 77z-1(b)(1).

**REQUEST NO. 14**

All Insurance Policies under which any Individual Defendant is or was an insured, additional insured, or named insured, or that provide, provided, or may provide coverage for any claim against any Individual Defendant, including all D&O, management-liability, Side-A, run-off or "tail," and excess Policies, together with all declarations, applications, endorsements, schedules, and renewals.

**RESPONSE:** China Liberal objects to this Request on the grounds that it seeks discovery beyond the limited scope of discovery for the purposes of "the whereabouts of these individual defendants in the interest of providing them actual notice;" (*see* Docket Entry 110) all other discovery is currently stayed pursuant to the PSLRA, 15 U.S.C. § 77z-1(b)(1).

**REQUEST NO. 15**

Documents sufficient to identify any Contact Information for any Individual Defendant contained in any application, proposal form, renewal submission, insured or contact schedule, broker file, or insurance-placement file submitted to, by, or maintained by any Insurer or Broker relating to any Insurance Policy.

**RESPONSE:** China Liberal objects to this Request on the grounds that this Request places China Liberal in violation of binding People's Republic of China law. Under Article 36 of the Data

Security Law of the People's Republic of China and Article 41 of the Personal Information Protection Law, domestic companies operating in China hold not only the explicit legal right, but also the non-waivable statutory obligation to decline any compelled direct disclosure of personal information relating to former employees, in response to unvetted, unapproved foreign court disclosure orders. Compliance with this Request directly places China Liberal in actionable contravention of binding PRC regulatory requirements. China Liberal further objects to this Request on the grounds that it seeks discovery beyond the limited scope of discovery for the purposes of "the whereabouts of these individual defendants in the interest of providing them actual notice;" (*see* Docket Entry 110) all other discovery is currently stayed pursuant to the PSLRA, 15 U.S.C. § 77z-1(b)(1).

**REQUEST NO. 16**

All Communications between You (or Your Broker) and any Insurer relating to any Individual Defendant, including any Communication identifying, locating, or providing Contact Information for, or reflecting any Insurer's or Broker's knowledge of the subsequent employer, address, or whereabouts of, any Individual Defendant.

**RESPONSE:** China Liberal objects to this Request on the grounds that it seeks discovery beyond the limited scope of discovery for the purposes of "the whereabouts of these individual defendants in the interest of providing them actual notice;" (*see* Docket Entry 110) all other discovery is currently stayed pursuant to the PSLRA, 15 U.S.C. § 77z-1(b)(1).

**REQUEST NO. 17**

All notices of claim, notices of circumstance, and tenders submitted to any Insurer relating to this Action; all Documents relating to the advancement, payment, or reimbursement of defense costs or indemnification to or on behalf of any Individual Defendant in connection with this Action; and all Documents relating to the retention of, or Communications with, any counsel engaged (whether by You or by any Insurer) to represent or defend any Individual Defendant in this Action, including any Communication reflecting the address, bank account, or counsel to which any such advancement or payment was or would be directed, or such counsel's authority or ability to accept service on, or forward notice to, any Individual Defendant.

**RESPONSE:** China Liberal objects to this Request on the grounds that it seeks discovery beyond the limited scope of discovery for the purposes of "the whereabouts of these individual defendants in the interest of providing them actual notice;" (*see* Docket Entry 110) all other discovery is currently stayed pursuant to the PSLRA, 15 U.S.C. § 77z-1(b)(1).

**REQUEST NO. 18**

All Communications between You (or Your Broker) and any Insurer relating to the resignation, departure, or change of employer of any Individual Defendant, or to any "change in control," "change in status," "outside directorship," or run-off or "tail" provision triggered by any such event.

**RESPONSE:** China Liberal objects to this Request on the grounds that it seeks discovery beyond the limited scope of discovery for the purposes of "the whereabouts of these individual defendants

in the interest of providing them actual notice;" (*see* Docket Entry 110) all other discovery is currently stayed pursuant to the PSLRA, 15 U.S.C. § 77z-1(b)(1).

**REQUEST NO. 19**

Documents sufficient to show the efforts You have made, and the means available to You, to locate, identify the whereabouts of, communicate with, or convey notice of this Action to any Individual Defendant, including through Your counsel, Your registered agent (Cogency Global, Inc.), Your Cayman Islands registered office, registered agent, or corporate services provider, Your transfer agent, or any Insurer or Broker.

**RESPONSE:** China Liberal objects to this Request on the grounds that this Request places China Liberal in violation of binding People's Republic of China law. Under Article 36 of the Data Security Law of the People's Republic of China and Article 41 of the Personal Information Protection Law, domestic companies operating in China hold not only the explicit legal right, but also the non-waivable statutory obligation to decline any compelled direct disclosure of personal information relating to former employees, in response to unvetted, unapproved foreign court disclosure orders. Compliance with this Request directly places China Liberal in actionable contravention of binding PRC regulatory requirements. China Liberal further objects to this Request on the grounds that it seeks discovery beyond the limited scope of discovery for the purposes of "the whereabouts of these individual defendants in the interest of providing them actual notice;" (*see* Docket Entry 110) all other discovery is currently stayed pursuant to the PSLRA, 15 U.S.C. § 77z-1(b)(1).

**REQUEST NO. 20**

Documents sufficient to identify all custodians and repositories, including email systems, messaging applications, human-resources systems, board-portal or corporate-records systems, and insurance and Broker files, that contain or may contain Contact Information for, or Communications with, any Individual Defendant.

**RESPONSE:** China Liberal objects to this Request on the grounds that this Request places China Liberal in violation of binding People's Republic of China law. Under Article 36 of the Data Security Law of the People's Republic of China and Article 41 of the Personal Information Protection Law, domestic companies operating in China hold not only the explicit legal right, but also the non-waivable statutory obligation to decline any compelled direct disclosure of personal information relating to former employees, in response to unvetted, unapproved foreign court disclosure orders. Compliance with this Request directly places China Liberal in actionable contravention of binding PRC regulatory requirements.

**REQUEST NO. 21**

Documents sufficient to identify each Individual Defendant's current or most recent residential address, as reflected in any "know your customer" (KYC), anti-money-laundering, client due-diligence, or account-opening record maintained for or concerning that Individual Defendant by the Company or by any registered office, corporate services provider, transfer agent, bank, or broker acting for or on behalf of the Company, including any government-issued identification document and any proof-of-address document (such as a utility bill or bank or brokerage statement).

**RESPONSE:** China Liberal objects to this Request on the grounds that this Request places China Liberal in violation of binding People's Republic of China law. Under Article 36 of the Data Security Law of the People's Republic of China and Article 41 of the Personal Information Protection Law, domestic companies operating in China hold not only the explicit legal right, but also the non-waivable statutory obligation to decline any compelled direct disclosure of personal information relating to former employees, in response to unvetted, unapproved foreign court disclosure orders. Compliance with this Request directly places China Liberal in actionable contravention of binding PRC regulatory requirements.

**DATED:** September 18, 2026
Miami, Florida

Respectfully submitted,

______________________________

Mark David Hunter, Esquire
New York Bar No. 4017331
Jenny Johnson-Sardella, Esquire
New York Bar No. 4225850
Hunter Taubman Fischer & Li LLC
848 Brickell Avenue, Suite 200
Miami, Florida 33131
Tel: (305) 629-1180
Fax: (305) 629-8099
Email: mhunter@htflawyers.com
jsardella@htflawyers.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via E-mail on September 18, 2026, to the following:

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
John T. Jasnoch (pro hac vice)
Mollie Chadwick (pro hac vice)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel: (619) 233-4565
jjasnoch@scott-scott.com
mchadwick@scott-scott.com

**MORRIS KANDINOV LLP**
Aaron T. Morris
Andrew W. Robertson
William H. Spruance III
305 Broadway, 7th Floor
New York, NY 10007
Tel: (212) 431-7473
aaron@moka.law
andrew@moka.law
william@moka.law

*Lead Counsel for Plaintiffs*

**POMERANTZ LLP**
Jeremy A. Lieberman
Samantha Daniels
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com
sdaniels@pomlaw.com

**HIGHFUL LAW PLLC**
Tyler Highful
5900 Balcones Drive, Suite 100
Austin, TX 78731
(512) 666-7426
tyler@highful.com

*Additional Counsel for Plaintiffs*

______________________________
Jenny Johnson-Sardella